Ray MANWELL and Helen P. Manwell, Plaintiffs,

v.

LEVEE DISTRICT NO. 1, PUBLIC HOUSING ADMINISTRATION, also All Other Persons Unknown, Claiming any right, title, estate, lien or interest in the real property described in the complaint adverse to plaintiffs' ownership, or any cloud upon plaintiffs' title thereto, Defendants.

Civ. No. 7767.

United States District Court
N. D. California, N. D.

Sept. 26, 1958.

Manwell & Manwell, Marysville, Cal., for plaintiffs.

Robert H. Schnacke, U. S. Atty., San Francisco, Cal., Robert E. Woodward, Asst. U. S. Atty., Sacramento, Cal., for defendants.

DONOVAN, District Judge.

By this action, plaintiffs seek to quiet title to real property, naming a Government agency, Public Housing Adminis-

tration, a defendant and who as such agency has moved to dismiss [1] on the ground of failure to state a claim upon which relief can be granted, in that plaintiffs seek to divest movant of an interest in and to the real property involved and which is government owned.

The instant case was commenced in the Superior Court of the State of California in and for the County of Sutter and was removed to this Court on petition of said defendant.

It is elementary that title by prescription cannot be acquired to property of the United States. Statutes of Limitations do not run against the sovereign. Laches on the part of officers of a government agency do not give rise to an estoppel against the sovereign. The roots of this doctrine find nurture in sound public policy to such an extent that even equity is of no avail in seeking to divest the Government of its interest in the property which is the subject matter of the case at bar.[2]

It is questionable whether the Court has jurisdiction as venue appears to be limited to the District of Columbia, despite the apparent authority to sue and be sued as extended by the Administrator in the present case. The defense of a suit to quiet seems to reach beyond the conferred functions of the Public Housing Administration.[3]

Reasoning realistically, it must be recognized that the various governmental agencies, such as the defendant of the instant case, are creatures of the Government and as such partake of its sovereignty.[4]

A motion for dismissal or for summary judgment, is an extreme rem-

edy [5] but where as here, the trial court is confronted with long established law requiring an order of dismissal the Court has no alternative but to grant the relief sought by movant.

The action is dismissed.

It is so ordered.

Plaintiff is allowed an exception.

---

1. Pursuant to the provision of Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

2. 28 U.S.C.A. § 2410(c). Northern Pacific R. Co. v. United States, 227 U.S. 355, 367, 33 S.Ct. 368, 57 L.Ed. 544; United States v. Stewart, 9 Cir., 121 F.2d 705, 712; United States v. Burnette, D.C., 103 F.Supp. 645, 649; Strother v. Pacific

Gas & Electric Co., 94 Cal.App.2d 525, 211 P.2d 624; 2 C.J.S. Adverse Possession § 12(a) p. 524.

3. 42 U.S.C.A. § 1404(a).

4. United States v. Gregory-Beaumont Equipment Co., 8 Cir., 243 F.2d 591, 592.

5. Warner v. First National Bank of Minneapolis, 8 Cir., 236 F.2d 853, 857.