271 F.2d 29
 Alonzo A. ADAMS, individually and as Special Administrator of the Estate of Lula Harris, Deceased, Appellant,
v.
Paul B. WITMER, individually and as Manager of the Los Angeles, California Land Office, Bureau of Land Management, United States Department of the Interior and L. B. Berriman, individually and as District Ranger of the Forest Service of the United States Department of Agriculture, Appellees.
 No. 15859.
 United States Court of Appeals Ninth Circuit.
 December 10, 1958.
 Rehearing Denied September 28, 1959.
 
 COPYRIGHT MATERIAL OMITTED Milton Wichner, Los Angeles, Brock, Fleishman & Rykoff, Hollywood, Cal., for appellant.
 Laughlin E. Waters, U. S. Atty., L. L. Jensen, Asst. U. S. Atty., Los Angeles, Cal., Perry W. Morton, Asst. Atty. Gen., Roger P. Marquis, Harold S. Harrison, Attys., Dept. of Justice, Washington, D. C., for appellees.
 Before BONE, POPE and CHAMBERS, Circuit Judges.
 POPE, Circuit Judge.
 
 
 1
 This action was filed for the purpose of procuring a judicial review of an administrative order of the Bureau of Land Management which denied the appellant's applications for patents to certain mining claims and cancelled his mineral entries thereon. Upon review by the Bureau of Land Management, the order was approved and affirmed.[1] Appeal was then taken to the Secretary of the Interior. Pending the hearing of the appeal, appellant made a motion to set aside the decisions of the Manager and of the Director and to remand the matter for rehearing before a duly authorized hearing examiner on the ground that the proceeding failed to comply with certain provisions of the Administrative Procedure Act,[2] and hence that the matter should be reheard de novo. The motion was heard but rejected. Thereafter, upon hearing, the appeal to the Secretary was denied and the orders affirmed. Thus the appellant has exhausted his administrative remedies.
 
 
 2
 The mining claims are located within the boundaries of the Los Angeles National Forest, and the contest, which resulted in appellant's application for patents being denied was instituted by officers of the Forest Service. Following the final action of the Department in rejecting the applications for mineral patents, the appellee Berriman, District Forest Service Ranger, demanded possession of the mining claims and ordered appellant to remove his structures and buildings thereon. This action followed.
 
 
 3
 The complaint, from which the facts are taken, described the location of the mining claims and set forth circumstances relating to the applications for the patents, the contest thereof, and the proceedings within the Bureau of Land Management which led up to the order holding the mining claims invalid. It set out the grounds which appellant alleged rendered the administrative decision erroneous and subject to being vacated upon judicial review, and prayed for a declaration by the court to the effect that the administrative decision and order was invalid, and for a temporary and permanent injunction against the appellees who were named as defendants.
 
 
 4
 The defendants moved to dismiss the action and their motion was sustained "upon the ground that the complaint fails to state a claim of which this court has jurisdiction against the defendant or either of them, either in their official or personal capacity."
 
 
 5
 In a comment appended to the court's order, the Judge stated "I am of the view that the plaintiff has not shown himself entitled to any relief. The action, in effect, is an action against the Government of the United States and the Government has not consented to be sued. I do not think the Administrative Procedure Act applies. * * * But, assuming that it does, the action should be directed against the Secretary of the Interior whose final action declared the claims invalid, and who is not a resident of this District, and not against the local officers who are merely subalterns without discretionary powers and to whom only limited powers are granted."
 
 
 6
 Upon this appeal appellant contends that the court was in error in dismissing his action for want of jurisdiction, and that the court should have heard his case. He argues generally that wholly apart from any special statutory provision, since the act of these officials would operate to deprive him of valuable and vested interests in a mining claim, he was entitled to have a judicial review of the administrative order.
 
 
 7
 Appellant relies upon the rule stated in Harmon v. Brucker, 355 U.S. 579, 581, 78 S.Ct. 433, 435, 2 L.Ed.2d 503: "Generally, judicial relief is available to one who has been injured by an act of a government official which is in excess of his express or implied powers."2a More particularly, however, appellant bases his argument that he was entitled to a judicial review of these orders upon the express provisions of the Administrative Procedure Act.[3] First, he asserts that in the process of arriving at the decision and order, there was violation of the requirements of the Act in several particulars: that the officer who presided at the reception of the evidence did not initially or otherwise decide the case; that defendant Witmer rendered the initial decision although he heard none of the evidence;[4] that the decision was made by an officer engaged in the performance of investigative and prosecuting functions in violation of § 5(c); and that plaintiff was denied the opportunity to propose findings and conclusions with reasons therefor as provided by § 8(b). Second, appellant argues that, since the order here in question is one made reviewable under the provisions of the Act, the trial court was required to entertain this proceeding and to afford the appellant the judicial review called for by § 10.
 
 
 8
 We have no difficulty in reaching the conclusion that the Administrative Procedure Act is applicable here both in respect to the agency's procedure and to the right to judicial review. The restrictions of that Act with respect to the hearings, the proper presiding officers, and the methods of procedure within the agency itself, as prescribed in §§ 7 and 8 are made mandatory by § 5 "in every case of adjudication required by statute to be determined on the record after opportunity for an agency hearing." There is no statute relative to hearings such as that here involved. But as the appellant's right to his mining claims was a property right, it follows that the requirements of due process necessitate that he have a hearing before he can be deprived of that property right. This constitutional requirement is no less mandatory than would be a mere statutory requirement for hearing. As stated in Wong Yang Sung v. McGrath, 339 U. S. 33, 49, 70 S.Ct. 445, 454, 94 L.Ed. 616, "The constitutional requirement of procedural due process of law derives from the same source as Congress' power to legislate and, where applicable, permeates every valid enactment of that body."
 
 
 9
 There is no doubt but that the Bureau of Land Management and the Department itself comes within the definition of "agency" found in the Administrative Procedure Act. Indeed the Department itself has expressly held that a proceeding of this kind is governed by and must be heard in accordance with the requirements of the Act, United States v. O'Leary, 63 I.D. 341 (1956). It would be difficult to improve upon the reasoning and conclusions of that opinion.[5]
 
 
 10
 Furthermore, it seems plain that under § 10 of the Act appellant was entitled to judicial review of the order here involved. That section provides (subject to certain exceptions presently to be noticed by us) that "any person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of any relevant statute, shall be entitled to judicial review thereof." The only exceptions are those stated in the first sentence of the section which excepts from this review orders where statutes preclude judicial review, or where "agency action is by law committed to agency discretion." The first exception is not applicable for no statute precludes judicial review here.
 
 
 11
 Appellees contend that the second exception applies, — that in this case the agency action was "by law committed to agency discretion."
 
 
 12
 Of course the officers of the Bureau of Land Management such as the appellee, Witmer, and those authorized within the Department to review his action, are authorized and required to exercise discretion in passing upon applications for patents to mining claims or upon contests with respect thereto. But this does not preclude judicial review within the meaning of the exception here involved. See Homovich v. Chapman, 89 U.S.App.D.C. 150, 191 F.2d 761, 764. The exercise of discretion by the agency does not in itself negative the right to judicial review. In view of what the Supreme Court has said about judicial review in Harmon v. Brucker, supra, and in the cases there cited, we cannot assume that the discretion granted the officials of the Bureau of Land Management to make decisions in these cases is an unreviewable one.[6]
 
 
 13
 The whole history of legislation relating to mining claims discloses a purpose on the part of Congress to provide the locator of such claims with the fullest opportunity to test in the courts the rights acquired by his locations. Thus § 30 of Title 30 U.S.C.A. provides an elaborate manner for court trial of adverse claims to mining claims as a part of the procedure provided for issuing patents under § 29. It would seem strange indeed if alongside these elaborate provisions for court hearings as to adverse claims Congress had established a system whereby a locator might lose his mining claim altogether through a non-reviewable decision of an administrative official, especially in view of the fact that a valid mining claim is property in the fullest sense.[7]
 
 
 14
 Such decisions have in fact been reviewed by the courts for many years and long before the Administrative Procedure Act came into existence. This fact, in our view, precludes any possible conclusion that they would fall into a non-reviewable category.
 
 
 15
 In Ballinger v. United States ex rel. Frost, 216 U.S. 240, 248, 30 S.Ct. 338, 54 L.Ed. 464, the Court affirmed the action of the lower court in reviewing and disapproving the decision of the Secretary of the Interior not to issue a patent. The Court said (216 U.S. at page 248, 30 S.Ct. at page 340): "We have no disposition to minimize the authority or control of the Secretary of the Interior, and the court should be reluctant to interfere with his action. But, as said by Mr. Justice Field in Cornelius v. Kessel, 128 U.S. 456, 461, 9 S.Ct. 122, 32 L.Ed. 482: `The power of supervision and correction is not an unlimited or an arbitrary power. It can be exerted only when the entry was made upon false testimony, or without authority of law. It cannot be exercised so as to deprive any person of land lawfully entered and paid for. By such entry and payment the purchaser chaser secures a vested interest in the property and a right to a patent therefor, and can no more be deprived of it by order of the Commissioner than he can be deprived by such order of any other lawfully acquired property. Any attempted deprivation in that way of such interest will be corrected whenever the matter is presented so that the judiciary can act upon it.'"
 
 
 16
 This express authorization of judicial review in this case disposes of the argument that the suit is in substance one against the United States where the United States has not given its consent to be sued. The United States has consented to this review. The fact that the United States has some interest in the controversy does not provide an exception to the grant of a right of review.[8]
 
 
 17
 The proceeding here is "an action" only in a formal sense. In reality it is a petition for review. § 10(b) describes the appropriate forms for such proceedings. One of those permissible forms is through the use of a legal action "including actions for declaratory judgments or writs of prohibitory or mandatory injunction." The consent of the United States to the utilization of this form of proceeding is all that is required.[9]
 
 
 18
 That brings us to the question whether the Secretary of the Interior is an indispensable party who must be joined as a defendant in order to give the district court jurisdiction of this proceeding. The answer to this question depends upon an interpretation of Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95; Hynes v. Grimes Packing Co., 337 U.S. 86, 69 S.Ct. 968, 93 L.Ed. 1231; Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868, and Ceballos v. Shaughnessy, 352 U.S. 599, 77 S.Ct. 545, 1 L.Ed.2d 583.
 
 
 19
 The immediate relief which appellant sought in his proceeding was an injunction again Berriman who threatened to take possession of the appellant's mining claims and the structures and buildings thereon. Additional relief is sought against the defendant Witmer, the local manager of the Los Angeles Land Office who, it was alleged, threatened to cancel appellant's mining claims and mineral entries on the records of the Land Office. No prayer was included for the issuance of a patent or for any other relief which would require action by the Secretary.
 
 
 20
 Of course appellant's continued possession of and right to work the mining claims is not dependent upon a patent being issued.[10] As stated in Shaughnessy v. Pedreiro, supra, the cases dealing with the indispensability of the higher official as a party have been "determined on practical considerations". This line of decisions began with Williams v. Fanning, supra [332 U.S. 490, 68 S.Ct. 189], which held that where the relief sought did not require the Postmaster General to take action, he was not an indispensable party in a suit to enjoin the carrying out of a fraud order and that it was sufficient to name the local Postmaster since "the decree which is entered will effectively grant the relief desired by expending itself on the subordinate official who is before the court." This rule has been extended and applied in the other cases cited above. We think it applies here. To borrow words from Hynes v. Grimes Packing Co., supra, if these appellees and their subordinates "cease their interference, [plaintiffs] have been accorded all the relief which they seek."
 
 
 21
 The mere fact that the Manager's order was reviewed by the Director of Land Management and by the Secretary in no manner affects the application of this principle. Cases like Pedreiro and Ceballos, supra, may be maintained against the District Director of Immigration even though the initial order for deportation may have been reviewed by the Board of Immigration Appeals. Nor does the fact that the Director of the Bureau of Land Management ordered that the claims be declared null and void change this situation. As noted in Williams v. Fanning, the result was not affected by the fact that the Postmaster was acting under command of the Postmaster General.
 
 
 22
 We hold that the action was maintainable against these local officials and that the Secretary of the Interior was not an indispensable party.
 
 
 23
 While we agree with appellant that the Administrative Procedure Act applies here in both respects claimed by him, yet as regards the first aspect mentioned, namely, the failure within the agency to follow those procedural requirements of the Act alluded to above, a serious question arises as to whether appellant's right now to complain of that upon this judicial review has not been waived.
 
 
 24
 The facts on which appellees base their claim that such waiver has taken place all appear in the complaint. The first time that any such procedural question was raised, or the provisions of the Administrative Procedure Act were invoked was after both the Manager's and the Director's decisions had been rendered. Of course the right time to question the failure to use a properly qualified Examiner was when the hearing began. When the Manager, who had not presided at the reception of the evidence, made the initial decision, it was in order to object on that ground.
 
 
 25
 The later motion made to the Secretary seeking a remand for another hearing was rejected on the ground that these irregularities had been waived for the reasons applied in United States v. L. A. Tucker Truck Lines, 344 U.S. 33, 35-37, 73 S.Ct. 67, 69, 97 L.Ed. 54.[11] We do not overlook the fact that this case differs in some respects from Tucker Truck Lines. There the objection to the procedural irregularities was not made until the matter was being heard in the court on the review; here the point was made while the matter was still in the administrative stages. In that case it was noted there was no actual prejudice to the Truck Lines because of the irregularity. Here there may well have been prejudice to appellant from the fact that the Manager, who decided, had not heard the testimony. As a result there was no chance for appellant to have a decision based on the possibly greater credibility of its witness as against those for the Government. The opportunity to have that kind of hearing is a valuable right.[12]
 
 
 26
 Despite these differences we feel impelled to hold that the reasons which prevailed in the Tucker Truck Lines case should apply here. As the Deputy Solicitor, speaking for the Secretary, noted, the Department's rules of practice provided, at the time of the appeal to the Director that "All grounds of error not assigned or noticed and argued in the brief will be considered as waived." (43 C.F.R. 221.50). That the objection, if timely made, would, in light of the Department's fixed policy, have been overruled, furnishes no excuse. That is made plain in the Tucker Truck Lines case.[13]
 
 
 27
 The procedural requirements here considered waived are not, in the nature of the case, essential to due process. The right to have the hearing officer render the initial decision although important, is not always required by the Act itself.[14]
 
 
 28
 While our conclusion on the waiver point means that one ground on which the agency action might otherwise have been set aside is not available to appellant, (that is, item 4 in § 10(e) reading "without observance of procedure required by law"), yet other stated grounds for review remain available. Thus § 10 (e) provides that the court, on review shall "(B) hold unlawful and set aside agency action, findings and conclusions found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; * * * (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; * * * (5) unsupported by substantial evidence in any case subject to the requirements of sections 7 and 8 of this title or otherwise reviewed on the record of an agency hearing provided by statute; * * * In making the foregoing determinations the court shall review the whole record or such portions thereof as may be cited by any party, and due account shall be taken of the rule of prejudicial error."[15]
 
 
 29
 The judgment is reversed and the cause remanded for further consideration in accordance with this opinion.
 
 
 30
 Upon Petition for Rehearing, Etc.,
 and Appellee Witmer's Motion
 to Dismiss Appeal.
 
 
 
 Notes:
 
 
 [1]
 Upon appellant's appeal from the decision of the Manager to the Bureau of Land Management, the Director not only affirmed the action of the Manager but added an order that the mining claims be declared null and void
 
 
 [2]
 These provisions are those prohibiting decisions by officers engaged in investigative and prosecuting functions, requiring decisions to be made by the officer who heard the evidence, and providing opportunity to propose findings. They are discussed hereafter
 2a. See Leedom v. Kyne, 79 S.Ct. 180.
 
 
 [3]
 60 Stat. 237, 5 U.S.C.A. §§ 1001-1011. These sections were sections 2 to 12 inclusive of the Act as passed. For convenience here we use the latter numbers
 
 
 [4]
 § 8(a): "In cases in which the agency has not presided at the reception of the evidence, the officer who presided * * shall initially decide the case * * *."
 
 
 [5]
 After citing cases to the effect that a mining claim is property in the fullest sense, and referring to the decision of the Wong Yang Sung case, supra, that the constitutional requirements of procedural due process requiring a hearing within the provisions of the Act must be complied with, the Secretary concluded as follows: "Inasmuch as a mining claim is a property claim which may be invalidated without due process of law, hearings on the validity of such claims seem clearly to be within the scope of the court decisions referred to above holding that administrative proceedings in which a hearing is necessary in order to satisfy the requirements of due process must comply with the Administrative Procedure Act, even though there is no statute requiring that the matter be determined on the record after opportunity for an agency hearing. In accordance with those decisions, the Department concludes that the hearing requirements of the Administrative Procedure Act are applicable to hearings on the validity of mining claims." (63 I.D. 345)
 
 
 [6]
 This has been held to be the rule even where a statute says an administrative order shall be "final". See Shaughnessy v. Pedreiro, 349 U.S. 48, 51, 75 S.Ct. 591, 594, 99 L.Ed. 868: "It is more in harmony with the generous review provisions of the Administrative Procedure Act to construe the ambiguous word `final' in the 1952 Immigration Act as referring to finality in administrative procedure rather than as cutting off the right of judicial review in whole or in part."
 
 
 [7]
 Wilbur v. United States ex rel. Krushnic, 280 U.S. 306, 316, 317, 50 S.Ct. 103, 104, 74 L.Ed. 445: "The rule is established by innumerable decisions of this Court, and of state and lower federal courts, that, when the location of a mining claim is perfected under the law, it has the effect of a grant by the United States of the right of present and exclusive possession. The claim is property in the fullest sense of that term; and may be sold, transferred, mortgaged, and inherited without infringing any right or title of the United States. The right of the owner is taxable by the state; and is `real property,' subject to the lien of a judgment recovered against the owner in a state or territorial court. * * * The owner is not required to purchase the claim or secure patent from the United States; but, so long as he complies with the provisions of the mining laws, his possessory right, for all practical purposes of ownership, is as good as though secured by patent."
 
 
 [8]
 § 5, in defining those adjudications with respect to which certain procedure in the agency is mandatory, lists six specific exceptions. There is no exception for cases in which the United States may be said to have an interest in the adjudication, nor is any such exception to be found in § 10
 
 
 [9]
 Lukens Steel Co. v. Perkins, 70 App. D.C. 354, 107 F.2d 627, discusses and lists in footnotes the decisions that officers of the United States may be enjoined from taking illegal action without the United States being an indispensable party. As indicated, our view of the effect of the Administrative Procedure Act renders a discussion of those cases unnecessary here
 
 
 [10]
 The record does not disclose whether the forest reserve was established before or after these particular locations. This distinguishes the case of Richman v. Beck, 10 Cir., 257 F.2d 575 (June 18, 1958). There the plaintiff sought an adjudication that he had the right to trail sheep over certain public land. After his application for a trailing permit had been rejected by the Range Manager for Taylor Grazing Act lands, 43 U.S.C.A. § 315 et seq., plaintiff sued this State Range Manager and the State Supervisor of the Bureau of Land Management. The court held the Williams v. Fanning rule not applicable since plaintiff "has no right to trail his sheep in District No. 2, without a permit so to do from the Secretary of the Interior. * * * To lawfully exercise the rights which he asserts, he must obtain affirmative action * * *." (257 F.2d at pages 579-580)
 
 
 [11]
 "Simple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice."
 
 
 [12]
 Cf. Morgan v. United States, 298 U.S. 468, 480, 481, 56 S.Ct. 906, 911, 80 L.Ed. 1288: "The requirement of a `full hearing' has obvious reference to the tradition of judicial proceedings in which evidence is received and weighed by the trier of the facts. * * * It is a duty akin to that of a judge. The one who decides must hear."
 
 
 [13]
 344 U.S. 37, 73 S.Ct. 69: "It is urged in this case that the Commission had a predetermined policy on this subject which would have required it to overrule the objection if made. While this may well be true, the Commission is obliged to deal with a large number of like cases. Repetition of the objection in them might lead to a change of policy, or, if it did not, the Commission would at least be put on notice of the accumulating risk of wholesale reversals being incurred by its persistence."
 
 
 [14]
 Title 5, § 1007 provides that in certain cases an agency "shall require * * * the entire record to be certified to it for initial decision."
 
 
 [15]
 For a discussion of the extent of review of substantiality of evidence which the Act contemplates, see Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456: "The substantiality of evidence must take into account whatever in the record fairly detracts from its weight. This is clearly the significance of the requirement in both statutes that courts consider the whole record. * * Congress has merely made it clear that a reviewing court is not barred from setting aside a Board decision when it cannot conscientiously find that the evidence supporting that decision is substantial, when viewed in the light that the record in its entirety furnishes, including the body of evidence opposed to the Board's view."
 While Universal was decided under both the Taft-Hartley Act, 29 U.S.C.A. § 141 et seq., and the Administrative Procedure Act, the Court held that the scope of the review provided by both Acts was the same.
 
 
 
 31
 Before CHAMBERS, BONE and POPE, Circuit Judges.
 
 
 32
 PER CURIAM.
 
 
 33
 The petition for rehearing adds up to two contentions. The first one amounts to an assertion that the orders of the Bureau of Land Management, and of the Secretary, are not subject to judicial review. Thus appellees say: "Whether such a discovery has been made is a factual issue which is to be determined by the Secretary of the Interior," and "the Secretary of the Interior must determine, among other things, that a valid discovery has been made." Again: "To meet this situation, the Secretary of the Interior has provided a procedure whereby a hearing can be held to permit determination of the validity of mining locations."
 
 
 34
 Of course those hearings are in order. Every "agency" as that term is defined in the Administrative Procedure Act, holds hearings and makes findings. These statements of the appellees can have no relevance here unless they are meant to suggest that these hearings and determinations by the Secretary are final and nonreviewable. But the Administrative Procedure Act was enacted to bring "the decision of controversies * * * back into the judicial system."[1] The question is not whether the Secretary and the Bureau may make orders, — it is whether those orders are subject to judicial review.
 
 
 35
 A second contention is that the court below cannot entertain the appellant's action since that action seeks "mandatory affirmative relief". It is asserted we have overlooked the distinction between "cases seeking solely negative relief and those in which affirmative relief necessarily plays a vital part."
 
 
 36
 As far as appellee Berriman is concerned, this argument has no application here. Appellant asks that Berriman be enjoined from disturbing him in possession of the mining claims. How one would find a more "negative" form of relief it would be impossible to say. But the argument is no good for Witmer either. A similar contention was made in Lester v. Parker, 9 Cir., 235 F.2d 787, 789, and there rejected.[2] Lester v. Parker was a case where the Administrative Procedure Act did not apply. It was based on general rules relating to relief in equity. But here, where the Administrative Procedure Act does apply, we have two provisions expressly authorizing this sort of injunctive relief against Witmer. § 10(b) provides for judicial review through "any applicable form of legal action (including actions for declaratory judgments or writ of prohibitory or mandatory injunction. * * *)" (Emphasis added) § 10(e) provides that the reviewing court shall "compel agency action unlawfully withheld."
 
 
 37
 As for Witmer, however, he has moved to dismiss the appeal as to him on the ground that he retired from Government service on June 30, 1958, and no move has been made to substitute his successor in office. This motion was made with the petition for rehearing. Although it did not disclose when Witmer's successor took office, (the six months period called for by Rule 25(d) F.R.Civ.P., 28 U.S.C.A. and by Supreme Court Rule 48 subd. 3, 28 U.S.C.A., runs from the time "the successor takes office")[3] a subsequently filed affidavit shows the successor took office June 9, 1958. This means the action has abated as to Witmer.
 
 
 38
 But that does not affect the action as it concerns Berriman, who, after all, is the person who is alleged to threaten appellant's possession. It is that possession appellant seeks to protect and vindicate. Our opinion noted that "appellant's continued possession of and right to work the mining claims is not dependent upon a patent being issued." An injunction against Berriman "will effectively grant the relief desired by expending itself on the subordinate official who is before the court", as we noted in our opinion. We perceive no reason why the abatement of the case as against Witmer should affect its continued prosecution against Berriman.
 
 
 39
 Whether, after remand to the court below, appellant could institute a new action against Witmer's successor, or whether the successor might then be added by amendment pursuant to Rule 19(b) are questions not now before us.
 
 
 40
 The appeal is dismissed as to appellee Witmer. The petition of appellee Berriman for a rehearing is denied.
 
 
 
 Notes:
 
 
 [1]
 See Davis, Administrative Law Treatise (1958), Vol. 1, § 1.04, p. 26. In discussing the pressures which led to the enactment, the author quotes from Elihu Root: "If we are to continue a government of limited powers, these agencies of regulation must themselves be regulated."
 
 
 [2]
 For a comment on that case, see Davis, Administrative Law Treatise, Vol. 3, § 23.10, p. 341. That section discusses at length the supposed limitation on mandatory injunctions
 
 
 [3]
 These rules have been adopted by this court by its Rule 8