Lester J. HAMEL, Petitioner,

v.

Neal D. NELSON, individually and as State Director for California, Bureau of Land Management, Walter E. Beck, individually and as Manager, Sacramento District Land Office, Bureau of Land Management, and George Francis, individually and as Ukiah District Manager, Bureau of Land Management, Department of the Interior, Respondents.

Civ. No. 8565.

United States District Court
N. D. California, N. D.

Dec. 13, 1963.

Charles L. Gilmore, Sacramento, Cal., for petitioner.

Cecil F. Poole, U. S. Atty., Rodney H. Hamblin, Asst. U. S. Atty., San Francisco, Cal., for respondents.

MacBRIDE, District Judge.

This is an action for judicial review of an administrative order of the Bureau of Land Management denying petitioner's application under 43 U.S.C. § 1068 for a patent to a tract of land containing 2.29 acres. The ground on which the Bureau based its denial was that the land was not held by petitioner and his predecessors under claim or color of title as required by § 1068. The order was affirmed on appeal by the Secretary of the Interior. This Court has heretofore issued an injunction restraining respondents from clouding petitioner's title to such land pending termination of the proceedings herein.

Respondents have moved to dismiss the petition for failure to state a claim upon which relief can be granted, Fed. Rules Civ.Proc. Rule 12(b), and to vacate the injunction previously issued.

The primary question presented by the motion is whether the Bureau's order denying petitioner's application is judicially reviewable.

Under the Administrative Procedure Act, this Court may review agency action such as that involved here, except in so far as "(1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion". 5 U.S.C. § 1009. In this case there is no statute which explicitly precludes judicial review; so the question is whether the agency action involved herein is by law committed to agency discretion. To determine whether agency action is by law committed to agency discretion this Court must refer to the relevant statutes and cases, for the provisions of the Administrative Procedure Act relating to judicial review were intended as a restatement of existing law. Atchison, T. & S. F. Ry. Co. v. United States, 130 F.Supp. 76 (D. C.Mo.1955) aff'd 350 U.S. 892, 76 S.Ct.

152, 100 L.Ed. 785. See Davis, Administrative Law, § 28.16 (1958).

The petition herein and the documents attached thereto disclose that the application filed by petitioner with the Bureau was a "Class 2" application. A "Class 2" application is one under (b) of 43 U.S.C. § 1068, rather than under (a) of that section. 43 C.F.R. § 140.3.

■ 43 U.S.C. § 1068(b) provides, in relevant part:

"The Secretary of the Interior * * * *may, in his discretion,* whenever it shall be shown *to his satisfaction* that a tract of public land has been held in good faith and in peaceful, adverse, possession by a claimant, his ancestors or grantors, under claim or color of title for the period commencing not later than January 1, 1901, to the date of application during which time they have paid taxes levied on the land by State and local governmental units, issue a patent for not to exceed one hundred and sixty acres of such land upon the payment of not less than $1.25 per acre * * * *".

This language is clearly permissive in nature and directed to the discretion of the Secretary. It provides that if it is shown "to his satisfaction" that the land was held under claim or color of title and that the other specified conditions are present, the Secretary "may, in his discretion" issue a patent. I conclude that § 1068(b) represents a binding legislative commitment of agency action to agency discretion and that whether the conditions specified in it are present is an administrative rather than a judicial question. See 4 Davis, Administrative Law, §§ 28.16 and 30.02. Cf. Switchmen's Union v. National Mediation Board, 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61 (1943). My conclusion in this regard is, I believe, reinforced by the fact that 43 U.S.C. § 1068(a), which also relates to public lands held under color of title, is mandatory, requiring that the Secretary "shall" issue patents in certain circumstances. See Federal Land Bank of Springfield v. Hansen, 113 F.2d 82, 84 (2d Cir. 1940).

■ Thus, this is a case involving agency action which is "by law committed to agency discretion". 5 U.S.C. § 1009. The general rule is that such agency action is not judicially reviewable. See generally Davis, Administrative Law, § 28.16 (1958). See also Switchman's Union v. National Mediation Board, supra; United States v. George S. Busch & Co., 310 U.S. 371, 60 S.Ct. 944, 84 L.Ed. 1259 (1940); Sellas v. Kirk, 200 F.2d 217, 220 (9th Cir. 1952), cert. denied 345 U.S. 940, 73 S.Ct. 831, 97 L.Ed. 1366; Lansden v. Hart, 180 F.2d 679, 683 (7th Cir. 1950), cert. denied 340 U.S. 824, 71 S.Ct. 58, 95 L.Ed. 606.

In special circumstances, the general rule concerning the unreviewability of agency action committed by law to agency discretion will be qualified to permit limited judicial review with respect to fundamental jurisdictional or constitutional issues, even in the face of a legislative intent to foreclose total review. See Davis, Administrative Law, §§ 28.12–28.15 (1958) and cases cited therein; 2 Am. Jur.2d, Administrative Law, § 565. But petitioner apparently does not seek to raise such issues, and, as will be noted below, no special circumstances are presented herein.

Petitioner urges that administrative agencies should not be autonomous and that they should be subject to the principle of check. Although this contention is sound as a general policy, still in a case such as this, where administrative appeal or review is available and provides a satisfactory check, and where no serious basic issues of law or questions of procedural fairness are presented, there is no compelling need for judicial review. See Davis, Administrative Law, § 28.21 (1958). Due process is not necessarily judicial process.

■■ Further, I believe that in view of the nature of the "right" which he sought to enforce before the Secretary, petitioner may not properly complain of the unavailability of judicial review. Absent legislation providing otherwise,

the statute of limitations does not run against the Government and consequently title by adverse possession cannot be acquired to property of the United States. United States v. California, 332 U.S. 19, 67 S.Ct. 1658, 91 L.Ed. 1889 (1947). Manwell v. Levee Dist. No. 1, Public Housing Administration, 165 F.Supp. 439 (N.D.Calif.1958). Thus, 43 U.S.C. § 1068, which allows persons to purchase public lands held in adverse possession in certain circumstances grants a right in the nature of a governmental gratuity, as compared with other statutes which provide for administrative enforcement of vested property rights or which impose obligations and provide for administrative enforcement of such obligations against private persons. I am in accord with the view that one of the factors to be considered in determining the reviewability of agency action is the impact of the agency action, and that agency action which merely denies a governmental benefit may more properly be held unreviewable than that which denies a vested property right or which imposes a substantial obligation or burden. See Davis, Administrative Law, § 28.19 (1958). Accordingly, it is my opinion that petitioner may not insist on judicial review in this case. Compare Adams v. Witmer, 271 F.2d 29 (9th Cir. 1959), Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946).

Petitioner cites Adams v. Witmer, 271 F.2d 29 (9th Cir. 1959), in support of his contention that the agency action in this case is judicially reviewable. The court in the Adams case held that administrative action is not unreviewable merely because it "involves" some discretion, Id. 271 F.2d at 33, accord Homovich v. Chapman, 89 U.S.App.D.C. 150, 191 F.2d 761, 764 (D.C.Cir. 1951); but the Adams case is distinguishable from the present case because it related to an application for patents for mining claims under 30 U.S.C. § 21 et seq., and, unlike 43 U.S.C. § 1068(b), those sections contain no explicit commitment of agency action to agency discretion, though they do con-

template agency action "involving" some element of discretion.

Moreover, in a case such as this, which involves a controversy between a private person on one hand and the Secretary as the representative of the Government on the other, the discretion of the Secretary is greater than in those cases in which he decides controversies between two private parties. See Seaton v. Texas Company, 103 U.S.App.D.C. 163, 256 F.2d 718, 722 (1958). Thus, holdings in such cases that agency action is reviewable are not controlling herein.

In view of the foregoing, I am compelled to deny judicial review of the order of the Bureau of Land Management denying petitioner's application under 43 U.S.C. § 1068(b), and the injunction previously issued herein must be vacated.

It is, therefore, ordered that respondents' motion to dismiss the petition and to vacate the injunction previously issued herein be, and the same is, hereby granted.