BAR BEA TRUCK LEASING CO., INC., PLAINTIFF *v.* UNITED STATES OF AMERICA, ET AL., DEFENDANTS

Court No. 82-4-00582-S

BERNARD NEWMAN, *Judge.*

(Dated September 28, 1982)

*Fredric J. Gross, Esq.,* for the plaintiff.

*J. Paul McGrath,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*John J. Mahon,* Assistant Branch Director and *Saul Davis, Esq.*), for the defendants.

BERNARD NEWMAN, *Judge:* This action contests Customs' denial of plaintiff's application for a cartage license. Defendants have renewed their motion to dismiss for lack of subject matter jurisdiction [1], and further, have moved for dismissal on the ground that plaintiff has failed to state a cause of action upon which relief can be granted.

Defendants previously raised the jurisdictional issue in connection with a motion for a protective order filed by defendants, which jurisdictional issue was determined by this Court adversely to defendants in a recent order. *Bar Bea Truck Leasing Co.* v. *United*

---

[1] In *Bar Bea Truck Leasing Co., Inc.,* v. *United States, et al.,* 4 CIT 70 (1982), defendants' previous motion to dismiss was denied without prejudice to renewal in view of the severance of the action by this Court.

*States,* 4 CIT 104 (1982). That previous ruling in 4 CIT 104 that the Court of International Trade has jurisdiction of this action under 28 U.S.C. § 1581(i)—is of course, the law of the case. However, two new contentions of defendants do merit discussion: (1) Judicial review is precluded in this case by section 10 of the Administrative Procedure Act, 5 U.S.C § 701(a)(2); and (2) Plaintiff has failed to state a cause of action upon which relief can be granted.

I

For the first time in these proceedings, defendants contend that the denial of plaintiff's application for a cartage license by the Area Director at Newark is "agency action * * * committed to agency discretion by law" within the purview of 5 U.S.C. § 701(a)(2). Under that provision, agency action "committed to agency discretion by law" is exempt from judicial review. After careful consideration of the pertinent statutory and regulatory provisions concerning cartmen, and the authorities cited by defendants, I am not persuaded that the authority granted to Customs to appoint and license cartmen is "discretion by law" for purposes of section 701(a)(2).

The agency discretion exception in 5 U.S.C. § 701(a)(2) to the general rule that agency action is reviewable is a narrow one, and is only "applicable in those rare instances where 'statutes are drawn in such broad terms that in a given case there is no law to apply' [citation omitted]." *Citizens to Preserve Overton Park, Inc.* v. *Volpe,* 401 U.S. 402, 410 (1971). See also *Montgomery Ward & Co.* v. *Zenith Radio Corp.,* 69 CCPA 96, 673 F. 2d 1254 (1982) and *Sierra Club* v. *Bergland,* 451 F. Supp. 120, 123 (N.D. Mass. 1978). Simply stated, defendants' position is that Customs has complete and unfettered discretion to issue or deny cartage licenses because "there is no law to apply". I find this contention to be without merit.

As pointed out in *Di Jub Leasing Corp.* v. *United States,* 1 CIT 42, 505 F. Supp. 1113 (1980), "[t]he Customs regulations providing for the licensing of customhouse cartmen are set forth in 19 CFR §§ 112, *et seq.,* and these regulations are authorized by 19 U.S.C. §§ 66, 1551a, 1565 and 1624." Pertinent to the issue of agency discretion raised by defendant are 19 U.S.C. § 1565 and the regulation of the United States Customs Service governing the issuance of a cartage license, 19 CFR § 112.24.

19 U.S.C. § 1565 provides in pertinent part:

> The cartage of merchandise entered for warehouse *shall* be done by cartmen to be appointed and licensed by the appropriate customs officer and who shall give a bond, in a penal sum to be fixed by such customs officer, for the protection of the Government against any loss of, or damage to, such merchandise while being so carted. [Emphasis added.]

19 CFR § 112.24 reads:

The district director *shall* issue a customhouse cartage and lighterage license on Customs Form 3857 *provided he is satisfied that:*

(a) The character, qualifications, and experience of the applicant and fitness of his equipment are satisfactory.

(b) The applicant has complied with all the requirements of § 112.22. [Emphasis added.]

Plainly, the language of the regulation, "shall issue", is not merely permissive, but is mandatory,[2] and the District Director's discretion is limited to ascertaining whether an applicant for a cartage license meets the criteria set forth in paragraph (a) of the regulation. Since the District Director must be "satisfied" that an applicant meets the criteria specified in paragraph (a), obviously, the regulation involves the exercise of judgment and discretion concerning the background of an applicant, but clearly does not give the District Director unfettered discretion or the right to arbitrarily reject applications for cartage licenses.

Fundamentally, administrative action is not immunized from judicial review merely because the agency is called upon to exercise discretion in passing upon applications and making decisions thereon. *Cf. Adams* v. *Witmer,* 271 F. 2d 29, 33 (9th Cir. 1959). See also *Local 2855 AFGE (AFL-CIO)* v. *United States,* 602 F.2d 574 (3rd Cir. 1979); *Homovich* v. *Chapman,* 191 F.2d 761, 764 (D.C. Cir. 1951); *Montgomery Ward & Co. supra* ("If an action is discretionary but there is law from which a court may determine that the exercise of discretion is arbitrary, capricious, or not in accordance with law, the decision itself may be reviewed on that limited basis."); and *Santor* v. *Morton,* 383 F. Supp. 1265, 1266 (D. Wyo. 1974) ("If the controversy merely 'involves' agency discretion, as opposed to being 'committed' to agency discretion, the matter is reviewable"). Furthermore, the action of a government agency "is subject to judicial review for arbitrariness and abuse of discretion, even though the discretion may be broad". *People* v. *United States Dept. of Agriculture,* 427 F. 2d 561, 567 (D.C. Cir. 1970).

In summary, where there is "law" to apply, the exception to the general rule of reviewability set forth in 5 U.S.C. § 701(a)(2) does not apply. Here, "[p]lainly, there is 'law to apply' and thus the exemption for action 'committed to agency discretion' is inapplicable". *Citizens to Preserve Overton Park* v. *Volpe, supra.*

## II

Defendants further contend that the action should be dismissed on the ground that the complaint fails to state a claim upon which

---

[2] By contrast see· *Hamel* v. *Nelson,* 226 F. Supp. 96 (N.D. Calif. 1963) (statutory language was "may, in his [Secretary of Interior's] discretion * * * issue a patent"); *Panama Canal Co.* v. *Grace Line, Inc.,* 356 U.S. 309 (1958) (Panama Canal Co. was "authorized" to prescribe tolls and change them). See also *Sierra Club* v. *Hardin,* 325 F. Supp. 99 (D. Alaska 1971) ("Mandatory" and "permissive" statutes distinguished for purposes of reviewability). Significantly, neither the controlling statute nor regulation in the instant case provides that cartage licenses may be issued by the District Director in his discretion.

relief can be granted. In considering a motion to dismiss on that ground, the allegations of the complaint must be taken as true. *Cruz* v. *Beto,* 405 U.S. 319, 322 (1972); and the complaint must be construed favorably to plaintiffs. *Scheuer* v. *Rhodes,* 416 U.S. 232, 236 (1974). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ibid.* (Quoting from *Conley* v. *Gibson,* 355 U.S. 41, 45–46 (1957)). In applying the foregoing well-established principles to the instant case, defendants' motion to dismiss must be denied. In essence, plaintiff's complaint challenges the factual underpinnings for Customs' denial of the application, and claims that the administrative action was arbitrary and capricious. If accepted as true, plaintiff's complaint clearly states a cause of action upon which relief may be granted under 5 U.S.C. § 706.

Accordingly, defendants' motion to dismiss is denied. A separate order will be entered herewith requiring the government to file the administrative record and certified documents relating to the denial of plaintiff's application for a cartage license within ten (10) days after entry of this order, as proposed by defendants.