James COLLORD; Marjorie Collord, Plaintiffs–Appellees,

v.

UNITED STATES DEPARTMENT OF THE INTERIOR; Bruce Babbitt; Interior Board of Land Appeals, Defendants–Appellants.

No. 96–36179.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 1998.

Decided Aug. 20, 1998.

Jeffrey C. Dobbins, Department of Justice, Washington, DC, for the appellants.

Jeffrey C. Fereday, Givens Pursley & Huntley LLP, Boise, Idaho, for the appellees.

Before: HUG, Chief Judge, REINHARDT, Circuit Judge, and REED,* District Judge.

HUG, Chief Judge:

■ The issue presented in this case is whether the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504, applies to an administrative proceeding where the Secretary of Interior contests the validity of a mining claim on federal land. We hold that the EAJA applies to mining claim contest proceedings.

## I. FACTS AND PROCEDURAL BACKGROUND

This case involves an administrative proceeding to determine the validity of lode mining claims and milling site claims under the General Mining Law of 1872, 30 U.S.C. § 21 *et seq.* Under the Mining Law, individuals may file a claim to lands owned by the United States upon locating a valuable mineral deposit. 30 U.S.C. § 22. A claimant also may file a claim to federal land of less than five acres that is used for milling purposes in connection with the mining claim. 30 U.S.C. § 42(a).

A mining claim confers the right to exclusive possession of the claim, including the right to extract all minerals from the claim without paying royalties to the United States. *Swanson v. Babbitt,* 3 F.3d 1348, 1350 (9th Cir.1993). The owner of a valid mining claim or milling site claim also may obtain a patent to the claim, which transfers fee title of the land to the claimant upon application and payment of a fee to the United States. "At any time prior to the issuance of a patent, the government may challenge the validity of the mining claim and, if successful, the claim will be cancelled with all rights forfeited." *Id.* A proceeding initiated by the government to contest the validity of a mining claim is conducted pursuant to regulations promulgated by the Department of Interior. *See* 43 C.F.R. §§ 4.451–4.452.

In 1980, Congress established the Frank Church River of No Return Wilderness on the Payette National Forest, thereby withdrawing the area from entry under the Mining Law, subject to existing rights. One year earlier, the Collords had located two mining claims and two milling site claims in the area. In May 1984, the Collords filed for patents on the claims. Following a mineral examination, the Secretary of the Interior contested the validity of the claims.

An Administrative Law Judge ("ALJ") conducted a six day hearing in 1988 and found that the Collords' mining claims and milling site claims were invalid under the Mining Law and their pending patent application should be denied. On appeal before the Interior Board of Land Appeals ("Board"), the ALJ's decision with respect to one of the mining claims was reversed. Pursuant to the EAJA, the Collords applied for an award of $178,137 in fees from the Department of the Interior ("Agency"). The

---

* Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

Board denied the application, and the Collords appealed in district court.

The district court reversed the Board. It held that the EAJA applies to mining claim contest proceedings and remanded to the agency with instructions to consider the merits of the Collords' application for fees under the EAJA. The Secretary appeals.

## II. JURISDICTION

■■■ The district court remanded to the agency to consider the merits of the Collords' petition for fees under the EAJA. Under 28 U.S.C. § 1291, we have jurisdiction only over appeals from final orders. A remand order is final where (1) the district court conclusively resolves a separable legal issue, (2) the remand order forces the agency to apply a potentially erroneous rule which may result in a wasted proceeding, and (3) review would, as a practical matter, be foreclosed if an immediate appeal were unavailable. *Chugach Alaska Corp. v. Lujan*, 915 F.2d 454, 457 (9th Cir.1990).

The district court conclusively determined a separable legal issue by reversing the Secretary's interpretation that the EAJA does not apply to mining claim contest proceedings. On remand, the Board is required to determine the Collords' eligibility for fees under the EAJA. If the district court's interpretation is erroneous, the remand will result in a wasted proceeding applying an erroneous rule of law. Finally, failing to permit immediate appeal might foreclose review altogether. If fees are awarded to the Collords on remand, the Secretary cannot appeal his own agency's decision and review of the applicability of the EAJA to the proceeding might be foreclosed. *See Chugach Alaska Corp.*, 915 F.2d at 457. We, therefore, conclude that the order is final and appealable under 28 U.S.C. § 1291.

## III. DISCUSSION

■■■ We begin with the statutory framework under which the Collords seek fees from the Agency in this case. The EAJA provides that:

An agency that conducts *an adversary adjudication* shall award, to the prevailing party other than the United States, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer of the agency finds that the position of the agency was substantially justified or that special circumstances make an award unjust.

5 U.S.C. § 504(a)(1) (emphasis added). As relevant here, "adversary adjudication" means "an adjudication under section 554 of this title in which the position of the United States is represented by counsel or otherwise...." 5 U.S.C. § 504(b)(1)(C). The EAJA, therefore, references § 554 of the Administrative Procedure Act ("APA"). Section 554 of the APA applies "in every case of adjudication required by statute to be determined on the record after opportunity for an agency hearing," 5 U.S.C. § 554, unless the proceeding falls under one of six exceptions that are not relevant to this case.

The United States was represented by counsel at the Collords' mining claim contest proceeding. It argues, however, that mining claim contest proceedings are not "adversary adjudications" under the EAJA because they are not required by statute to be conducted under § 554 of the APA. The United States is correct that the General Mining Law of 1872 does not require mining claim contest proceedings to be conducted under § 554, but our inquiry does not end there.

■■■ An unpatented mining claim is a "fully recognized possessory interest." *Swanson*, 3 F.3d at 1350 (citing *United States v. Locke*, 471 U.S. 84, 86, 105 S.Ct. 1785, 85 L.Ed.2d 64 (1985)). At oral argument, the United States conceded that due process under the Fifth Amendment of the United States Constitution requires a hearing before this right can be extinguished. Although the Agency's own regulations recognize this requirement by providing a formal administrative hearing for mining claim contests, *see* 43 C.F.R. §§ 4.451–4.452, the United States maintains that the EAJA does not apply because a formal § 554 hearing is not required by the General Mining Law of 1872.[1] We disagree.

1. The Agency also reads its own regulation to     this effect.

In *Wong Yang Sung v. McGrath*, 339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616 (1950), the Supreme Court considered whether the formal adjudication procedures in the APA applied to deportation hearings. The Supreme Court was confronted, as we are in this case, with a hearing that was not required by the deportation statute at the time but was required by due process under the Constitution. *Id.* at 49, 70 S.Ct. 445. The Court held that the language "required by statute" in § 554 of the APA exempted from coverage only those hearings that agencies hold "by regulation, rule, custom, or special dispensation; not those held by compulsion." *Id.* at 50, 70 S.Ct. 445. According to *Wong Yang Sung,* hearings necessitated by the Constitution are included in the scope of hearings that are covered by § 554 of the APA. *Id.* at 50–51, 70 S.Ct. 445.

Even more on point, this court considered whether the procedures in § 554 of the APA applied to the adjudication of rights under the General Mining Law of 1872, even though that statute does not specifically state that § 554 applies to such proceedings. *Adams v. Witmer,* 271 F.2d 29 (9th Cir.1958). In that case, Adams' applications for patents were denied and several of his mining claims were cancelled. *Id.* at 31. Because these claims were property rights, we held that "the requirements of due process necessitate that he have a hearing before he can be deprived of that property right." *Id.* at 33. We relied on *Wong Yang Sung* and held that § 554 of the APA applied to the agency proceeding in which his claims were adjudicated. *Adams,* 271 F.2d at 33.

■ The Collords' mining and milling site claims are property interests and the Constitution requires a hearing before the agency can cancel these claims. Following *Wong Yang Sung* and *Adams,* we hold that § 554 of the APA governs the mining claim contest proceeding in this case. The Supreme Court has explained that "the most natural reading of the EAJA's applicability to adjudications 'under section 554' is that those proceedings must be 'subject to' or 'governed by' § 554." *Ardestani v. Immigration and Naturalization Service,* 502 U.S. 129, 135, 112 S.Ct. 515, 116 L.Ed.2d 496 (1991). Because the mining claim contest proceeding before us is governed by § 554, it is an "adversary adjudication" under the natural reading of the words "under section 554" in the EAJA, as enunciated by the Supreme Court.

Moreover, this interpretation of the statute comports with the Supreme Court's application of the EAJA's plain language in *Ardestani.* In that case, unlike the case before us today, specific provisions of the Immigration and Nationality Act of 1952 ("INA") " 'expressly supersede[d]' the hearing provisions of the APA...." *Id.* at 133, 112 S.Ct. 515. Ardestani's hearing was governed by the INA, not § 554 of the APA, because the INA had been amended to include its own statutory scheme to ensure procedural due process in deportation proceedings. The Court, therefore, held that deportation proceedings were not conducted "under section 554" and, therefore, were not "adversary adjudications" within the meaning of the EAJA. *Ardestani,* 502 U.S. at 139, 112 S.Ct. 515.

As we explained earlier, the General Mining Act of 1872 lacks its own statutory scheme to protect the Collords' constitutional interest in this mining claim contest proceeding. The absence of such a provision in the mining statute distinguishes this case from *Ardestani.* The proceeding in this case is governed by § 554 of the APA. *See Wong Yang Sung,* 339 U.S. at 49, 70 S.Ct. 445; *see also Adams,* 271 F.2d at 33. The plain language of the EAJA, therefore, results in different outcomes in this case and in *Ardestani.* As such, our reading of the EAJA is consistent with the statute's plain language as construed by the Supreme Court and with the Court's decision on the merits in *Ardestani.*

---

These rules [implementing the EAJA] apply to adversary adjudications required by statute to be conducted by the Secretary under 5 U.S.C. 554. Specifically, these rules apply to adjudications ... under 5 U.S.C. 554 which are required by statute to be determined on the record after opportunity for an agency hearing.

These rules do not apply where adjudications on the record are not required by statute even though hearings are conducted using procedures comparable to those set forth in 5 U.S.C. 554.

43 C.F.R. § 4.603(a).

The United States urges us to read the plain language of the EAJA by strictly construing the words "under section 554" because the EAJA is a waiver of sovereign immunity. We have strictly construed the plain language of that phrase to embrace "governed by § 554" as ·did the Supreme Court in *Ardestani.*[2]

The United States also questions the continuing vitality of *Wong Yang Sung* and *Adams* in light of *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). The United States argues that the balancing test for evaluating the constitutional adequacy of an agency hearing articulated in *Mathews* effectively overruled *Wong Yang Sung,* upon which our decision in *Adams* relied. We have held that we will not revisit our prior opinions unless "an en banc decision, Supreme Court decision, or subsequent legislation undermines those decisions." *Clow v. United States Department of Housing and Urban Dev.,* 948 F.2d 614, 616 n. 2 (9th Cir.1991). The *Mathews* balancing test has "become the standard for determining whether certain challenged administrative procedures comply with the requirements of due process." *Girard v. Klopfenstein,* 930 F.2d 738, 742 (9th Cir.1991). In this case, the parties agree that mining claim contest proceedings are conducted in accordance with the terms of § 554. The specific hearing in this case was conducted in accordance with § 554. There was no issue as to the constitutional adequacy of those proceedings, the issue involved in *Mathews.* An analysis of the adequacy of the procedural protections provided in an agency hearing is a different inquiry from the question of what procedural protections govern a particular type of hearing. *Wong Yang Sung* and *Adams* are applicable to this case and their continuing vitality is not undermined by *Mathews.*

## IV. CONCLUSION

The Constitution requires a hearing before the government may cancel the Collords'

mining and milling site claims. Under *Wong Yang Sung* and *Adams,* this hearing is governed by § 554 of the APA and, therefore, is an adjudication "under § 554." Thus, we hold ·that the hearing is an "adversary adjudication" under the EAJA. We affirm the district court's remand to the Agency to determine whether the Collords can establish their eligibility for fees under the EAJA.

AFFIRMED.

---

**2.** In *Smedberg Machine & Tool, Inc. v. Donovan,* 730 F.2d 1089, 1093 (7th Cir.1984), the Seventh Circuit rejected plaintiff's claim that adjudications covered by the EAJA include both statutorily and constitutionally required proceedings.

The brief discussion which supports this·holding does not mention *Wong Yang Sung. Smedberg* is not controlling, and we find its limited analysis of the issue unpersuasive.