**NOT FOR PUBLICATION**

FILED

OCT 27 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BITTERROOT RIDGE RUNNERS SNOWMOBILE CLUB; et al., | No. 18-35875 |
| Plaintiffs-Appellants, | D.C. No. 9:16-cv-00158-DLC |
| v. | MEMORANDUM[*] |
| UNITED STATES FOREST SERVICE; et al., | |
| Defendants-Appellees, | |
| FRIENDS OF THE BITTERROOT; et al., | |
| Intervenor-Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Argued and Submitted October 7, 2020
Seattle, Washington

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: GRABER and W. FLETCHER, Circuit Judges, and FREUDENTHAL,[**] District Judge.

Appellants, six recreation groups, challenged the United States Forest Service's Bitterroot National Forest Travel Management Plan, arguing that its prohibition on the use of motorized and mechanized vehicles in two wilderness study areas ("WSAs") and two recommended wilderness areas ("RWAs") was arbitrary and capricious under the APA and in violation of various organic statutes. The district court granted summary judgment in favor of the Forest Service except for a narrow remand concerning restrictions on bicycles in WSAs. *See B.R.R. Snowmobile Club v. U.S. Forest Serv.*, 329 F. Supp. 3d. 1191 (D. Mont. 2018). We affirm.

As a preliminary matter, the Service contends that we lack jurisdiction under 28 U.S.C. § 1291 because an agency remand is usually not sufficiently final to permit a plaintiff to appeal. *See Collord v. U.S. Dep't of the Interior*, 154 F.3d 933, 935 (9th Cir. 1998). However, we permit appellate review when the remand "place[s] a judicial imprimatur on the vast majority of the challenged [decision]." *Sierra Forest Legacy v. Sherman*, 646 F.3d 1161, 1175 (9th Cir. 2011). Because

---

[**] The Honorable Nancy D. Freudenthal, United States District Judge for the District of Wyoming, sitting by designation.

the lower court upheld the "vast majority" of the agency's challenged decision, we may exercise jurisdiction.

As the statutory background and lengthy administrative record is well known to the parties, we do not recount it here.

Our review is deferential in light of the Service's expertise and discretion under the relevant statutes. We are particularly deferential when agency determinations involve a "high level of technical expertise." *The Lands Council v. McNair*, 537 F.3d 981, 993 (9th Cir. 2008) (en banc), *overruled in part on other grounds by Winter v. Nat. Res. Def. Council, Inc.*, 557 U.S. 7 (2008). The Montana Wilderness Study Act does not require the Service to "replicate 1977 conditions [in WSAs] precisely," and maintaining wilderness character "may necessarily be approximate and qualitative." *Montana Wilderness Ass'n v. McAllister*, 666 F.3d 549, 559 (9th Cir. 2011). Similarly, the Multiple-Use Sustained-Yield Act, which governs the Service's management of forests and RWAs, "breathes discretion at every pore." *Perkins v. Bergland*, 608 F.2d 803, 806 (9th Cir. 1979) (internal quotation and alterations omitted).

Appellants' primary contention is that the challenged restrictions in the WSAs and RWAs are arbitrary and capricious. *See* 5 U.S.C. § 706(2)(A); *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43

3

(1983) (stating that agency action is arbitrary and capricious when the agency "offered an explanation for its decision that runs counter to the evidence before [it]"). They contend that the use restrictions are irrational because there was insufficient evidence in the record that wilderness character in the WSAs and RWAs has declined or is likely to decline. Appellants emphasize that the Service had limited data about past vehicle use levels in the WSAs, and dispute the estimates of past use produced by economist Keith Stockmann. They point to three field studies that suggest wilderness character in the WSAs has not diminished. Finally, they contend that, even if vehicle use *has* increased, the Service incorrectly concluded that these uses have "impacts on the social and biotic environment."

The agency rationally concluded that vehicle uses in WSAs and RWAs "impact[ed] . . . the social and biotic environment." The agency's decision was reasonable and based on the objective evidence. The Final Environmental Impact Statement included almost 80 pages of analysis of the impacts of motorized, mechanized, and nonmotorized recreation, and over 160 pages of analysis of their impacts on wildlife. Where the Service lacked data, it "[did] the best it [could] with the data it [had]," exactly as this court has instructed. *McAllister*, 666 F.3d at 559. It was justified in finding Dr. Stockmann's models of historical vehicle uses more reliable than the three field studies Appellants prefer. *See Marsh v. Oregon*

4

*Nat. Res. Council*, 490 U.S. 360, 378 (1989) (stating that "an agency must have discretion to rely on the reasonable opinions of its own qualified experts").

Appellants also contend that the agency reached its decision because of its employees' "personal" desires or because of "pernicious political preferences." We need not dwell on these contentions because Appellants have adduced no evidence to support them. Even if they had, evidence of personal or political preferences would likely not invalidate the action at issue here, given the objective evidence in the record. *See Dep't of Com. v. New York*, 139 S. Ct. 2551, 2573 (2019) ("[A] court may not set aside an agency's policymaking decision solely because it might have been influenced by political considerations. . . .").

Finally, Appellants argue that the Service's decision to close 110 miles of trails in the WSAs to bicycles required a supplemental environmental impact statement ("SEIS") because the draft environmental impact statement ("DEIS") proposed prohibiting bicycle use only in the RWAs. *See* National Environmental Policy Act, 42 U.S.C. § 4331, et seq.; 40 C.F.R. § 1502.9(d)(1) (setting out requirements for an SEIS). Under our precedent, no SEIS is required if the change is a "minor variation of one of the alternatives discussed in the [DEIS]" and is "qualitatively within the spectrum of alternatives." *Russell Country Sportsmen v.*

*U.S. Forest Serv.*, 668 F.3d 1037, 1045 (9th Cir. 2011) (internal quotations and emphases omitted).

We agree with the district court that no SEIS was required. As to the first factor, the change was a minor variation of the proposal in the DEIS because it reduced the mileage available for bicycle use in the forest by only 9%. *See B.R.R. Snowmobile*, 329 F. Supp. 3d at 1207. As to the second, the change was "qualitatively within the spectrum of alternatives" because the bicycle use restrictions in WSAs were qualitatively the same as those proposed earlier in the RWAs, so comments about the latter apprised the agency of relevant environmental effects in both areas. *See Russell Country*, 668 F.3d at 1049 ("[T]here is very little reason to believe the modified travel plan will have environmental impacts that the agency has not already considered.").

In sum, we conclude that the agency articulated a "rational connection between the facts found and the choice made." *State Farm*, 463 U.S. at 43 (internal quotations and citations omitted).

**AFFIRMED.**