**UNITED STATES of America and Stewart Udall, Secretary of the Interior of the United States of America, Appellants,**

v.

**Jack A. WALKER, Appellee.**

**No. 22379.**

United States Court of Appeals
Ninth Circuit.

March 27, 1969.

Roger Marquis (argued) Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Sylvan A. Jeppesen, U. S. Atty., Jay F. Bates, Asst. U. S. Atty., Boise, Idaho, for appellants.

R. B. Kading, Jr., (argued) of Richards, Haga & Eberle, James J. Sexton, III, Boise, Idaho, for appellee.

Before HAMLIN, ELY and CARTER, Circuit Judges.

HAMLIN, Circuit Judge.

Jack Walker brought suit in the District Court for the District of Idaho to set aside a decision of the Secretary of the Interior denying Walker's mining claim. Walker claimed he was entitled to purchase certain land in the Logan Creek area of Idaho pursuant to the Mining Claims Occupancy Act, 30 U.S.C. § 701 et seq.[1] The district court, asserting jurisdiction under the Administrative Procedure Act, 5 U.S.C. § 701 et seq., set aside the decision of the Secretary of the Interior. The district court held only that Walker was entitled to a hearing on his claim before the Secretary made his final decision; it did not reach the underlying issue of whether Walker was entitled to purchase the land. On this appeal brought by the Secretary, the sole issue before the court is whether Walker was entitled to a hearing. We hold that he was not, and we therefore reverse the decision of the district court.

30 U.S.C. § 701 provides in pertinent part that the Secretary of the Interior may convey any interest, up to and including a fee simple, to any occupant of an unpatented mining claim who relinquishes to the United States all right to such claim which he may have under the mining laws. The conveyance may be made only to a qualified applicant who pays an amount established under section 705. A qualified applicant is defined by section 702 as a residential occupant-owner of valuable improvements in an unpatented mining claim which constitute for him a principal place of residence and which he and his predecessors in interest were in possession of for not less than seven years prior to July 23, 1962. Claiming an interest under the above statutes, Walker applied for a conveyance in January, 1964. Walker's application stated that he had located the Bobbin Quartz Mining Claim on Logan Creek in 1950 and that he had located a cabin and a warehouse on the property. Beginning in 1955 he attempted to establish a mine, but the ores were not economically workable. Over the next seven years Walker made some small improvements, but because the Logan Creek property was snowed in for much of the year Walker was unable to spend much time on the property. Walker listed as assessment work done, "cat work on road" or "road grader on road" totaling not more than $127.00 in any one year. During these seven years Walker resided much of the time in Vale, Oregon, doing construction work. The rest of the year Walker divided his time between his Logan Creek property and the Yellow Pine area, although Walker conceded that he spent more time at Yellow Pine than at his mining claim. In January of 1964 Walker relinquished his Bobbin claim, a prerequisite under section 701, and applied to the Idaho office of the Bureau of Land Management for a conveyance of the property under section 701. The Regional Forester filed a report stating, "Considering

1. 30 U.S.C. § 701: "The Secretary of the Interior may convey to any occupant of an unpatented mining claim which is determined by the Secretary to be invalid an interest, up to and including a fee simple, in and to an area within the claim of not more than (a) five acres or (b) the acreage actually occupied by him, whichever is less. The Secretary may make a like conveyance to any occupant of an unpatented mining claim who, after notice from a qualified officer of the United States that the claim is believed to be invalid, relinquishes to the United States all right in and to such claim which he may have under the mining laws. Any conveyance authorized by this section, however, shall be made only to a qualified applicant, as that term is defined in section 702 of this title, who applies therefor within the period ending June 30, 1971, and upon payment of an amount established in accordance with section 705 of this title."

\* \* \* \* \*

30 U.S.C. § 702: "For the purposes of this chapter a qualified applicant is a residential occupant-owner, as of Oct. 23, 1962, of valuable improvements in an unpatented mining claim which constitute for him a principal place of residence and which he and his predecessors in interest were in possession of for not less than seven years prior to July 23, 1962."

the limited extent of the applicant's use, we agree with Supervisor Defler that the claim has not been a principal place of residence to qualify the applicant under the act," and the Bureau denied Walker's application on this basis. Walker appealed this decision to the Bureau of Land Management in Washington, D. C., and requested a hearing, but the decision of the Idaho office was affirmed without a hearing. Walker then appealed to the Secretary of the Interior and requested a hearing, but again his application was denied without a hearing. The decision stated,

> "When viewed in this light, appellant's own showing fails to establish that his cabin on the claim was a principal place of residence within the meaning of the statute. It indicates no more than that he occupied the cabin only when he was working on mining properties in the vicinity. * * Denial of relief to him under the act would not work the hardship on him of removal from a long-established *home.*" (Emphasis in original.)

Walker then brought the instant suit in the district court.

■ We hold first that the district court was without jurisdiction to set aside the order of the Secretary of the Interior. The district court took jurisdiction under the Administrative Procedure Act, 5 U.S.C. § 701 et seq. However, section 701 of that Act specifically exempts from its operation cases where "agency action is committed to agency discretion by law." Thus, when agency action is by law committed to agency discretion, the provisions of the Administrative Procedure Act providing for ju-

dicial review are inapplicable. E.g., Ferry v. Udall, 336 F.2d 706 (9th Cir. 1964); United States v. Wiley's Cove Ranch, 295 F.2d 436 (8th Cir. 1961). The language of the Mining Claims Occupancy Act, under which Walker seeks a conveyance of land, gives the Secretary complete discretion to make such a conveyance. The discretionary nature of the Act is made clear in the first sentence of section 701: "The Secretary of the Interior *may* convey * * *." (emphasis added) The legislative history of the Mining Claims Occupancy Act also emphasizes the discretionary character of its provisions.[2]

■ In Ferry v. Udall, *supra,* this court, discussing the circumstances in which agency discretion barred judicial review, drew a distinction between "permissive type" statutes and "mandatory type" statutes. The court there recognized that every agency action involves the exercise of some degree of discretion. With a mandatory type statute, the Secretary must take certain action if requirements are met; the discretion of the Secretary is limited to deciding whether the requirements have been met. In such a case, the Secretary's discretion does not prevent judicial review under the Administrative Procedure Act. In contrast, the Mining Claims Occupancy Act is a "permissive type" statute. Even where an applicant meets all the requirements for securing a conveyance, the Secretary may still refuse to make a conveyance. Therefore, the Mining Claims Occupancy Act commits the Secretary's action to his discretion, and the provisions of the Administrative Procedure Act providing for judicial review are inapplicable.

2. *See, e.g.,* Hearings, S. Committee on Interior and Insular Affairs, S. 3451, 87th Cong., 2d Sess. 16 (1962): " * * * the bill is meant to be * * * discretionary. It says at the very first sentence of the bill that the Secretary of the Interior may convey to any occupant. The purpose of that language was to convey the necessary discretion and not to make it mandatory so that it would be applicable in cases where it is not justified." (Remarks of Senator Church, sponsor of the Act.) The Senate Committee also stated, "The bill is a relief measure designed to aid those qualified people on whom a hardship would be visited were they to be required to move from their long-established homes." S. Rep. No. 1984, 87th Cong., 2d Sess. 5 (1962). See also, S. Report No. 1984, 87th Cong., 2d Sess. 3 (1962); 108 Cong. Rec. 19645.

Appellee Walker also contends that jurisdiction in the district court may be found under the federal mandamus statute, 28 U.S.C. § 1361.[3] There is no merit to this contention. Mandamus is proper only to command an official to perform a ministerial act. Guffanti v. Hershey, 296 F.Supp. 553 (March 11, 1969); Smith v. United States, 333 F.2d 70 (10th Cir. 1964); Commonwealth of Massachusetts v. Connor, 248 F.Supp. 656 (D.C.Mass.1966). An act is ministerial only if it is a positive command and so plainly prescribed as to be free from doubt. Prairie Band of Pottawatomie Tribe of Indians v. Udall, 355 F.2d 364 (10th Cir. 1966). The act which Walker seeks to have the Secretary of the Interior perform clearly does not constitute a ministerial act. Far from the Secretary's duty to act being plainly prescribed, the Mining Claims Occupancy Act places no duty to act on the Secretary at all. No jurisdiction under the federal mandamus statute exists on the facts of this case.

As an independent basis for decision, we also hold that, even assuming that the district court properly took jurisdiction, Walker was not entitled to a hearing. The Mining Claims Occupancy Act makes no provisions for a hearing when an applicant seeks a conveyance of land under the Act. In such a situation, no additional rights to a hearing exist under the Administrative Procedure Act. The Administrative Procedure Act does not impose any requirement of an adversary hearing before an agency; it merely specifies the procedure to be followed when a hearing is required by some other statute. Webster Groves Trust Co. v. Saxon, 370 F.2d 381 (8th Cir. 1966); LaRue v. Udall, 116 U.S.App.D.C. 396, 324 F.2d 428 (1963).

This court dealt with the issue of the right to a hearing in a similar context in Ferry v. Udall, 336 F.2d 706 (9th Cir. 1964). In that case the Secretary of the Interior vacated purported sales of land to bidders who had bid under the Isolated Tracts Act. One of the bidders contended that he should have gotten a hearing to contest the finding of the Secretary. This court first pointed out that no provision of the Isolated Tracts Act requires such a hearing. The court then stated, "Furthermore, there is no constitutional requirement to a right to a hearing where only a potential privilege to purchase United States land is involved." 336 F.2d at 714. Similarly, all that Walker has under the Mining Claims Occupancy Act is a potential privilege to receive a conveyance of United States land. Here, as in *Ferry*, there is no right to a hearing.

Walker cites Best v. Humboldt Mining Co., 371 U.S. 334, 83 S.Ct. 379, 9 L.Ed. 2d 350 (1963) and Adams v. Witmer, 271 F.2d 29 (9th Cir. 1958) in support of his contention that he is entitled to a hearing. These cases are inapposite. In *Best* the court was dealing with a mining claim that amounted to a possessory interest in land and that constituted a form of property; in *Adams* the court dealt with a mining claim that constituted a property right. Here, Walker's claim does not amount to a property right; his right to receive a conveyance rested solely in the discretion of the Secretary of the Interior. Under these circumstances, due process does not require that Walker be given a hearing.

Finally, the appellee attempts to rest his claim for a hearing on 43 C.F.R. 1843.5, which permits a hearing on an issue of fact if the Secretary within his discretion sees fit to grant a hearing. This regulation places the granting of a hearing in the Secretary's discretion, and we are unable to say that this discretion was abused. The main issue in Walker's case was whether his Logan Creek property constituted a principal place of residence. When the Secretary made his decision, he had before him several letters from Walker stating the facts on which his claim rested, affidavits from

---

3. 28 U.S.C. § 1361: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

**482**

friends of Walker in support of his claim, a report from the Forest Service, and the intermediate decisions of the Bureau of Land Management. With all these documents before him, the Secretary did not abuse his discretion by refusing to grant a hearing.

The order of the district court is reversed.