Bobby Gene KEENY, Appellant,

v.

SECRETARY OF the ARMY and Army
Board for Corrections of Military
Records, Appellees.

No. 20432.

United States Court of Appeals,
Eighth Circuit.

Feb. 9, 1971.

Bobby Gene Keeny, pro se.

Bert C. Hurn, U. S. Atty., and Vernon
A. Poschel, Asst. U. S. Atty., Kansas
City, Mo., for appellees.

Before VAN OOSTERHOUT, GIB-
SON and LAY, Circuit Judges.

LAY, Circuit Judge.

This case comes to us on appeal from
an order of the district court denying
petitioner's request for a writ of man-
damus to compel the respondents to cor-
rect his military record. For the rea-
sons stated below, we affirm.

Petitioner Keeny entered the military
service on August 2, 1950, and was hon-
orably discharged on September 25,
1952; he reenlisted the next day and on
December 18, 1953, was given a dis-
charge for unfitness. It appears that
this discharge was a result of several in-
fractions of Army regulations. Peti-
tioner states that these infractions were
caused by his alcoholic illness. Keeny
seeks to reform his military record and
obtain a medical discharge for his pres-
ent undesirable discharge so as to re-
entitle him to veteran's benefits. Peti-
tioner presented his claim to the Army
Discharge Review Board, which subse-
quently dismissed the cause. He sought
relief in the federal district court, which
was denied on the ground that he had
not exhausted his administrative reme-
dies. He then appealed to the Army
Board for Correction of Military Rec-
ords, which informed him that the mer-
its of the case indicated that the dis-
charge was properly classified and would
not be changed. Petitioner requested a
reconsideration of this decision. On
September 29, 1969, the Board informed
Keeny, that no further action would be
taken since no new evidence of error or
injustice had been presented. Petition-
er then filed this petition of mandamus
to require the Secretary of the Army
and the Army Board for Correction of
Military Records to grant a hearing and
appoint counsel for him. The district
court dismissed the petition on the sep-
arate and independent grounds that (1)
the petitioner's legal domicile was not in
the Western District of Missouri and
therefore was not the proper venue with-
in 28 U.S.C.A. § 1391; and (2) that the
petitioner had failed to exhaust his ad-
ministrative remedies.

The government contends that Keeny
was domiciled in Chicago, Illinois, from
1958 to 1962, and that since that time he
has engaged in itinerant wanderings so
as to discount any intention to establish

a new residence and domicile. Keeny claims that for a period in 1961 and 1962 he lived with an uncle in Fordland, Missouri, and that he is a resident of Missouri. For reasons discussed we find it unnecessary to pass on the grounds of dismissal given by the district court.[1]

In the applicable regulations governing procedure before the Army Board for Correction of Military Records, the Board and Secretary have no mandatory obligation to provide a hearing concerning a request for corrective action. The controlling section, 32 C.F.R. § 581.3(c)(5), reads in part:

"Each application and the available military or naval records pertinent to the corrective action requested will be reviewed to determine whether to authorize a hearing or to deny the application without a hearing. * * * The Board may deny an application if it determines that insufficient evidence has been presented to indicate probable material error or injustice * * * "

In 32 C.F.R. § 581.3(f) (4), it is also provided:

"After final adjudication further hearing before the Board will be granted only upon presentation by the applicant of newly discovered relevant evidence not previously considered by the Board and then only upon recommendation of the Board and approval by the Secretary of the Army."

Petitioner has made no showing of "newly discovered relevant evidence" in this case. More significant, however, is the fact that reconsideration by the Board is clearly a matter of discretion with the Board and the Secretary of the Army.

Under 28 U.S.C.A. § 1361 it is provided:

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

In order for mandamus to lie the "duty owed to the plaintiff" must be ministerial and a positive command so plainly prescribed as to be free from doubt. United States v. Walker, 409 F.2d 477 (9 Cir. 1969); Prairie Band of Pottawatomie Tribe of Indians v. Udall, 355 F.2d 364 (10 Cir. 1966), cert. denied 385 U.S. 831, 87 S.Ct. 70, 17 L.Ed.2d 67 (1966). As this court has observed:

"Traditionally, mandamus is used to compel the performance of a ministerial duty or to compel the exercise of discretion when such is required, *but never to influence that discretion."* (Emphasis ours.) Rural Electrification Admin. v. Northern States Power Co., 373 F.2d 686, 694 n. 14 (8 Cir. 1967), cert. denied 387 U.S. 945, 87 S.Ct. 2079, 18 L.Ed.2d 332 (1967).

See also United States ex rel. Schonbrun v. Commanding Officer, Armed Forces, 403 F.2d 371, 374 (2 Cir. 1968), cert. denied 394 U.S. 929, 89 S.Ct. 1195, 22 L. Ed.2d 460 (1969); Smith v. United States Air Force, 280 F.Supp. 478 (E.D. Pa.1968). The relief sought here would require the court to interfere with the Board's previous exercise of its lawful discretion.

As early said in Wilbur v. United States ex rel. Kadrie, 281 U.S. 206, 218, 50 S.Ct. 320, 324, 74 L.Ed. 809 (1930):

"Mandamus is employed to compel the performance, when refused, of a ministerial duty, this being its chief use. It also is employed to compel action, when refused, in matters involving judgment and discretion, *but not to direct the exercise of judgment or discretion in a particular way nor to direct the retraction or reversal of*

---

1. We assume, without deciding that venue in this action properly lay in the Western District of Missouri. And for the purposes of this appeal, we will also assume that any further efforts for administrative relief would be futile.

*action already taken in the exercise of either."* (Emphasis ours.)

The judgment of the district court dismissing the petition for mandamus is affirmed.[2]

---

2. It should be noted that petitioner was given a full hearing on October 27, 1953, by the Board of Officers under the provisions of the then Army Regulation 615–368, before a finding was made as to his unfitness for Army duty. The record shows that the President of the Board explained to petitioner his right to be represented by counsel and that the petitioner stated he fully understood his rights but did not desire counsel of his own choosing or one appointed by the Board.