Bobby Gene **KEENY**, Petitioner,

v.

**SECRETARY OF the ARMY,**
**Respondent.**

Civ. A. No. 1693.

United States District Court,
W. D. Missouri,
Central Division.

April 21, 1971.

Bobby Gene Keeny, pro se.

ORDER GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS AND JUDGMENT DENYING PETITION FOR HABEAS CORPUS

WILLIAM H. BECKER, Chief Judge.

Petitioner, a state convict confined in the Missouri State Penitentiary, petitions this Court for a writ of habeas corpus compelling the respondent to expunge from petitioner's records his undesirable discharge and grant petitioner an honorable discharge. Petitioner

also requests leave to proceed in forma pauperis. Leave to proceed in forma pauperis will be granted.

■ Petitioner states that he was given an undesirable discharge from the Army on October 27, 1953, under the provisions of Army Regulation 615–368; that he was denied the assistance of counsel "at the AR 615–368 Board proceedings resulting in his discharge under dishonorable conditions and the loss and denial of rights and benefits earned and accrued during honorable service in the U. S. Army, contrary to the Sixth Amendment of the U. S. Constitution"; and that "Petitioner has exhausted his administrative remedies by application to the Board for Correction of Military Records for correction of his military records concerning the type of discharge which petitioner received."

The contentions made by petitioner in the petition at bar are thus the same as those which petitioner has previously raised in this Court in his prior mandamus actions in Keeny v. Secretary of the Army (W.D.Mo.) Civil Action No. 1345; Keeny v. Secretary of the Army (W.D. Mo.) Civil Action No. 1383, and Keeny v. Secretary of the Army (W.D.Mo.) Civil Action No. 1526. In the last case, on May 22, 1970, this Court denied the petition for mandamus on the ground of improper venue in this district. Thereafter, on February 9, 1971, the United States Court of Appeals for the Eighth Circuit affirmed that decision on the different grounds that denial by respondent of petitioner's application for review of his discharge was within the discretion of the respondent. The Court also held that petitioner had not presented to the Board for Correction of Military Records[1] any newly-discovered

evidence to require it to review again his discharge under the general and conclusory allegation of ineffective assistance of counsel, in support of which petitioner only stated facts regarding his alcoholism, an issue which had previously been fully considered by the Board. Thus, the Court of Appeals held that mandamus did not properly lie to compel the respondent to change petitioner's undesirable discharge. See Keeny v. Secretary of Army (C.A.8) 437 F.2d 1151 (No. 20,432, February 9, 1971).

■ Now, petitioner attempts to assert the same claim by means of a petition for habeas corpus. He contends that the "expanded scope of habeas corpus" as exemplified by Carafas v. La-Vallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (holding habeas corpus proper to challenge a conviction for which the sentence had been completely served) "entitles petitioner to challenge the proceedings resulting in his discharge from the U. S. Army under dishonorable conditions." Assuming, without holding, that petitioner is correct, the petition herein for habeas corpus should be denied (1) because petitioner does not state the denial of any federal right, and (2) because this Court does not have personal jurisdiction of respondent to enforce against him any writ of habeas corpus which it might issue granting petitioner the relief which he requests. In Rowe v. United States, 167 Ct.Cl. 468, cert. denied 380 U.S. 961, 85 S.Ct. 1103, 14 L.Ed.2d 152, it was held not to be denial of a federal right for an airman to be discharged from the United States Air Force for alcoholism on the diagnosis of an Air Force Medical Officer without any medical hearing. See 4 A.L.R.Fed. 343, loc. cit. 382. Further, the holding of the United States

[1] Because petitioner has never properly presented the question of ineffective assistance of counsel to the Board for Correction of Military Records, an additional reason for denial of the petition for habeas corpus in this case is failure to exhaust administrative remedies. See Reed v. Franke (C.A.4) 297 F.2d 17, holding that resort to the Board under § 1552,

Title 10, United States Code, is necessary to exhaust administrative remedies. Petitioner has attempted to raise this contention before that Board, but has never succeeded in doing so properly, as the United States Court of Appeals for the Eighth Circuit pointed out in Keeny v. Secretary of Army (C.A.8) 437 F.2d 1151 (No. 20,432, February 9, 1971).

Court of Appeals for the Eighth Circuit in respect to petitioner's contention that denial of his claim was within the discretion of the respondent is implicit in the recognition that the discharge herein did not involve the denial of any federal right. And in Wilson v. Secretary of United States Navy (C.A.3) 417 F.2d 297, 298, it was held that, under the applicable Federal Regulation, 32 C.F.R. § 723.3, the Correction Board may "at its discretion, . . . authorize a hearing or . . . deny an application for correction without a hearing." In Reed v. Franke (C.A.4) 297 F.2d 17, it was pointed out that a petitioner challenging a discharge:

". . . could apply for relief under 10 U.S.C. § 1552 and, if no relief were afforded thereby, he could proceed to obtain the mandatory hearing provided by 10 U.S.C. § 1553." 297 F.2d at 27

Under Section 1552, Title 10, U.S.C., a petitioner challenging a discharge may apply to the Board for Correction of Military Records, as petitioner herein has done, who may within his discretion correct a discharge "when he considers it necessary to correct an error or remove an injustice." As noted above, the exercise of that power is discretionary. Petitioner has not applied for a review of his discharge by the Board to review discharges created under Section 1553, Title 10, United States Code, which provides for the mandatory hearing at which petitioner may be represented by counsel. But a motion under this statute "must be made within 15 years after the date of the discharge or dismissal." Thus, that statute cannot provide an adequate administrative remedy for petitioner, whose discharge was dated more than 15 years prior to his action in mandamus in Civil Action No. 1526 and his habeas corpus petition in this case. On the authorities cited above, however, it is the conclusion of this Court that petitioner does not state the denial of any federal right.

 Further, relief should not be granted in this case for the separate and independent reason that this Court does not have personal jurisdiction of respondent to enforce the issuance of any writ of habeas corpus it might issue in this cause. The exercise of the power to issue the writ under Section 2241, Title 28, United States Code, would therefore be futile. Schlanger v. Seamans, 401 U. S. 487, 91 S.Ct. 995, 28 L.Ed.2d 251.