**NESS INVESTMENT CORPORATION and Canyon Lake Resort, Inc., Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE, FOREST SERVICE, Fred Wirth, Forest Supervisor, Defendant.**

**No. CIV. 72-229-PHX-WCF.**

United States District Court, D. Arizona, Phoenix Division.

March 26, 1973.

John C. Hughes (argued), of Hughes, Hughes & Conlan, Phoenix, Ariz., for plaintiffs.

William C. Smitherman, U. S. Atty., Joseph Raymond Keilp. (argued), Asst. U. S. Atty., Phoenix, Ariz., for defendant.

## ORDER

FREY, District Judge.

The Government, in this matter, filed a motion entitled Defendant's Motion to Dismiss Plaintiffs' Supplemental Complaint, which seeks dismissal of the complaint upon jurisdictional grounds. The Government argues that the Court has no jurisdiction to review a decision of the Forest Service concerning the issuance of a special use permit.

There are several legal issues raised by the complaint and the factual circumstances of this case. However, the scope of relief sought by the plaintiffs in their supplemental complaint is quite narrow.

Without detailing all the factual and legal issues surrounding this case, the Court will briefly review pertinent events leading up to defendant's motion.

The Forest Service and Ness Investment Corporation negotiated a Special Use Permit dated May 18, 1965, for construction, operation and maintenance of a yearlong resort at Canyon Lake in the Tonto National Forest, Arizona. The developer, Ness, was not performing the conditions of the permit. On May 3, 1968, the Regional Forester attempted to revoke the permit, but such attempt was held ineffective by the Board of Forest Appeals on July 24, 1969. On May 4, 1970, the Chief, Forest Service revoked the permit by letter. The Ness Investment Corporation appealed to the Chief, Forest Service, the revocation of the permit; a hearing was conducted in Phoenix, Arizona, on January 27, 28 and 29, 1971, before the Board of Forest Appeals. The Board of Forest Appeals, in In re Ness Investment Corporation, F. S. Docket No. 134, November 4, 1971, issued an opinion which found Ness Investment Corporation had breached many conditions and requirements of the Use Permit. The Board further found that First Southwest Small Business Investment Company had acquired all the improvements owned by Ness at Canyon Lake, through judicial proceedings. The Board also found that First Southwest transferred the improvements to Canyon Lake Resort.

The Board of Forest Appeals made no legal determination concerning just where title to the improvements was vested and did not consider it necessary to do so. The Board however did find that Canyon Lake Resort (the O'Brien group) did have a right under Clause 12 of the permit to submit an application for reissuance of a permit as a successor-in-interest. The "O'Brien Group", was also required to submit facts and proof of ownership of physical assets at Canyon Lake. The Board further held that if the "O'Brien Group" was held to be not qualified, the permit of Ness Investment Corporation would be finally revoked.

Canyon Lake Resort, Inc., by and through John C. Hughes, filed an application for a Special Use Permit. On February 7, 1972, the Forest Supervisor, Fred J. Wirth, rejected the application.

On March 21, 1972, the plaintiff herein, Ness Investment Corporation (Ness), filed a Motion for Continuance of Appeal. The motion of Ness was denied by the Board of Forest Appeals on June 23, 1972.

On May 11, 1972, this action was filed and after several proceedings, including a questionable injunction and various motions filed by both sides, the plaintiffs filed a Motion for Leave to File Supplemental Complaint on July 27, 1972. This was granted and the Supplemental Complaint was filed on September 18, 1972. On October 10, 1972, defendant filed a Motion to Dismiss Supplemental Complaint, the plaintiffs responded and the matter was argued on November 20, 1972, and submitted.

It appears that plaintiffs seek to have the Court conduct a de novo hearing and find facts; and further, not only review the rejection of the application for a special use permit by Canyon Lake Resort, Inc., but to usurp the powers of the Forest Service and judicially set conditions and terms for a use permit at Canyon Lake and make a factual determination whether Canyon Lake Resorts fulfilled those conditions. Thus, what the plaintiffs are asking of the Court is to be architect, planner, engineer, conservationist, water recreation expert, financier, etc., all rolled into one in setting such conditions. The Federal Courts have no jurisdiction and no expertise to set such conditions and terms for a use permittee.

The defendant properly points out that the Court has no jurisdiction to review a decision rejecting an application for a special use permit. Ferry v. Udall, 336 F.2d 706 (9 Cir., 1964); Mollohan v. Gray, 413 F.2d 349 (9 Cir., 1969); United States v. Walker, 409 F.2d 477 (9 Cir., 1969); Hi-Ridge Lumber Company v. United States, 443 F.2d 452 (9 Cir., 1971). It is plain that

where the official agency has complete discretion in the issuance of permits and other property interests, the Court may not review an exercise of such discretion. In the present case, the applicable laws and regulations make issuance purely discretionary. Title 16, United States Code, Section 497 states in part that the Secretary of Agriculture is authorized to issue permits: " . . . such terms and conditions as he may deem proper . . . ". Under Title 5, United States Code, Section 701, agency action committed to agency discretion by law, is excepted from review.

36 CFR 251.1(b)(4) states that "A special use permit may be transferred with the approval of the issuing forest officer, his successor or superior". The Forest Service under this regulation has discretion to transfer the permit, but in exercise of that discretion, it chose not to allow transfer of permits by enacting FSM Section 2716.1 which terminates the permit, but gives the new owner of improvements a preference in acquiring a new permit under such conditions and terms as the forest considers proper.

■ Clause 12 of the Ness permit incorporates the above policy of the Forest Service and gives the successor-in-interest owner of the improvements only a preference with respect to a new permit if it can meet the conditions and terms set by the Forest Service. Implicit in this preferential consideration is the Forest Service's unreviewable determination as to qualifications of any successor-in-interest and whether its application is consistent with or meets the terms and conditions set by the Forest Service.

As the Board of Forest Appeals points out on page 10 of its decision, the Forest Service should decide whether Canyon Lake Resort, Inc., is qualified and can meet the conditions and terms the Forest Service imposes. The Forest Appeals Board in its decision, let the Forest Service decide if Canyon Lake Resort, Inc., is qualified for a permit.

It is ordered that defendant's Motion to Dismiss, is granted and the plaintiffs' Supplemental Complaint, is dismissed.

It is further ordered that the Clerk of this Court forthwith mail a copy of this Order to all counsel of record.