**Sarah PENCE et al., Plaintiffs,**

v.

**Rogers C. B. MORTON, Individually and as Secretary of the Interior of the United States and his agents, the United States of America, Defendants.**

**Civ. No. A74–138.**

United States District Court,
D. Alaska.

April 8, 1975.

------

James D. Grandjean, Alaska Legal Services Corp., Anchorage, Alaska, for plaintiffs.

G. Kent Edwards, U. S. Atty. for Alaska, Anchorage, Alaska, Steven Carroll, Atty., Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

VON DER HEYDT, Chief Judge.

This cause comes before the court upon plaintiffs' motion for a preliminary injunction restraining the defendants and their attorneys, officers, agents, servants, and employees from adversely adjudicating Native Land Allotment applications in whole or in part under the Native Allotment Act of 1906, 43 U.S.C. §§ 270-1—270-3, repealed by the Alaska Native Claims Settlement Act of 1971, 43 U.S.C.A. §§ 1601–1624, or from deciding any post Bureau of Land Management adjudication appeals filed with the Interior Board of Land Appeals until such time as this action is resolved on the merits. Defendants have responded with a motion for summary judgment.

Plaintiffs have brought this action for declaratory and injunctive relief on behalf of a class consisting of those Alaska Natives, as defined in 43 U.S.C. § 270-1, who were eligible to apply for land allotments pursuant to the Alaska Native Land Allotment Act prior to its repeal in December of 1971. They seek a declaration that the procedure used by the Bureau of Land Management (hereinafter B. L. M.) in conjunction with that of the Interior Board of Land Appeals (hereinafter I. B. L. A.), for determining the adjudicative facts upon which their claims to allotments rest denies then procedural due process. Further, the plaintiffs seek final injunctive relief requiring the defendants to conduct their hearing procedure in a manner consistent with the requirements of the Due Process Clause of the Fifth Amendment. For reasons to appear subsequently the court finds that plaintiffs' action must be dismissed as a matter of law.

■ Pursuant to Fed.R.Civ.P. 23(c) (1) the court certifies as a class the approximately 8,500 Alaska Natives, as defined in 43 U.S.C. § 270-1, who were eligible to apply for land allotments pursuant to the Alaska Native Land Allotment Act prior to its repeal in December of 1971. The action may be maintained as a 23(b)(2) action since the prerequisites of 23(a) have been met and, in addition, B. L. M. has refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

■ Plaintiffs contend that this court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1346(a)(2), 2201–2202, 1361, 1353 and 5 U.S.C. §§ 701–706. The Court finds federal question jurisdiction to be lacking since no jurisdic-

tional amount has been alleged or proven. 28 U.S.C. § 1346(a)(2) is inapplicable since this is not an action for money damages. The Declaratory Judgment Act is inapplicable since such is not jurisdictional in nature. Whether the court has jurisdiction pursuant to 28 U.S.C. §§ 1361, 1353, and 5 U.S.C. §§ 701–706 necessarily mandates a consideration of the merits of plaintiff's claim.

██ On the facts of the instant case, all three of the above mentioned jurisdictional grants are interrelated. 28 U.S.C. § 1361 gives the court jurisdiction of any action in the nature of mandamus. Such an action may be maintained only if a ministerial duty is involved or if the writ is used to compel an agency to perform a duty required by the Constitution. Martinez v. Richardson, 472 F.2d 1121, 1125–26 & n. 12 (10th Cir. 1973); State of Washington v. Udall, 417 F.2d 1310 (9th Cir. 1969); Mollohan v. Gray, 413 F.2d 349 (9th Cir. 1969). It is noted that the mandamus statute is not a waiver of sovereign immunity. State of Washington v. Udall, *supra*, 417 F.2d 1310, 1320 n. 15.

 28 U.S.C. § 1353 (See 25 U.S.C. § 345) gives the district courts jurisdiction of any civil action involving the right of a person of Indian descent to an allotment of land under any Act of Congress or treaty. Kale v. United States, 489 F.2d 449 (9th Cir. 1973); Scholder v. United States, 428 F.2d 1123 (9th Cir. 1970); United States v. Pierce, 235 F.2d 885 (9th Cir. 1956). Pallin v. United States, 496 F.2d 27 (9th Cir. 1974), is the latest authoritative pronouncement

available to this court concerning jurisdiction under 28 U.S.C. § 1353. In *Pallin* the Court reasoned that no jurisdiction existed under 28 U.S.C. § 1353 unless there was a *right* to an allotment and that no right to an allotment existed if the matter was committed to agency discretion by law under the Administrative Procedure Act.[1] 5 U.S.C. § 701(a)(2). The effect of the decision is to foreclose jurisdiction under 28 U.S.C. § 1353 where the matter would be nonreviewable under 5 U.S.C. §§ 701–706.

██ The Administrative Procedure Act, 5 U.S.C. §§ 701–706, establishes standards for review of agency action except to the extent that review is foreclosed by statute, or agency action is committed to agency discretion by law. King v. United States, 492 F.2d 1337 (7th Cir. 1974); Bronken v. Morton, 473 F.2d 790 (9th Cir. 1973); United States v. Consolidated Mines & Smelting Co., LTD., 455 F.2d 432 (9th Cir. 1971); Rockbridge v. Lincoln, 449 F.2d 567 (9th Cir. 1971); State of Washington v. Udall, supra, 417 F.2d 1310; Mollohan v. Gray, supra, 413 F.2d 349; United States v. Walker, 409 F.2d 477 (9th Cir. 1969); Ferry v. Udall, 336 F.2d 706 (9th Cir. 1964); Adams v. Witmer, 271 F.2d 29 (9th Cir. 1958). It is apparent that the act is not a blanket waiver of sovereign immunity. State of Washington v. Udall, supra, 417 F.2d 1310.

From an examination of 28 U.S.C. §§ 1361, 1353, and 5 U.S.C. §§ 701–706 it becomes apparent that to vest this court with jurisdiction of the instant case one of two situations must exist. Either the

---

[1]. The actual holding Pallin v. United States, *supra*, 496 F.2d 27, noted that it was error for the district court to conduct a trial *de novo* as to the Secretary of Interior's classification of land, for Indian allotment purposes, under § 7 of the Taylor Grazing Act, 43 U.S.C. § 315f. However, the rationale of the decision is equally applicable to *any* review under the Administrative Procedure Act since Section 701(a)(2) expressly makes the act inapplicable in its entirety.

In *Pallin* the action concerned an allotment under the General Allotment Act, 25 U.S.C. § 334. Under that Act an Indian does not

have a right to a 160 acre allotment, at least since 1934, until the Secretary has classified the tract involved as nonirrigable grazing land. In *Pallin* the entire tract had not been so classified. Since such classification is within the Secretary's discretion under section 7 of the Taylor Grazing Act, and since the exercise of such discretion is nonreviewable under the Administrative Procedure Act, 5 U.S.C. § 701(a)(2), the Court reasoned that no jurisdiction under 28 U.S.C. § 1353 or or 25 U.S.C. § 345 existed since there was no existing *right* to an allotment.

procedure for adjudicating land allotments under the Alaska Native Land Allotment Act must not be committed to agency discretion by law, or the procedure used must deny an applicant due process of law under the Fifth Amendment.[2]

■ Turning to the first issue, it is clear that 5 U.S.C. § 701(a)(2) forecloses review under the Administrative Procedure Act.[3] 43 U.S.C. § 270–1 provides that:

> "The Secretary of the Interior is authorized and empowered, *in his discretion and under such rules as he may prescribe*, to allot . . . ." (emphasis added).

The rules prescribed by the Secretary are found at 43 C.F.R. § 2561.0—2–2561.-3. The court finds this to be the permissive type of statute referred to in United States v. Walker, *supra*, 409 F.2d 477. Although 43 U.S.C. § 270–1 provides that a qualified person shall have a "preference right" to secure an allotment, the Secretary's discretion is not limited to determining whether the qualifications for such an interest have been met. Rather, it is within his discretion to make the allotment in the first instance. The court finds *Walker* controlling upon this issue and holds that review is foreclosed under the Administrative Procedure Act absent constitutional considerations.

■ Plaintiffs contend that the procedure used by the B. L. M. in adjudicating their allotment claims does not comply with the requirements of procedural due process.[4] Since no right to an adversary hearing before the I. B. L. A. exists and since judicial review of the substantive merit of their allotment claims is foreclosed by 5 U.S.C. § 701(a)(2), any initial deficiency in the fact finding procedure used by the B. L.

2. If review is not foreclosed by 5 U.S.C. § 701(a)(2) then the court may review the agency action under 5 U.S.C. § 706. Further, if the matter is not committed to agency discretion by law then a ministerial duty may be involved rendering 28 U.S.C. § 1361 applicable. Jurisdiction also may exist under 28 U.S.C. § 1353 since there might be a *right* to an allotment as the matter is not committed to agency discretion.

If the procedure used by B.L.M. denies applicants procedural due process then the court would have jurisdiction pursuant to 28 U.S.C. § 1361 to compel the agency to perform a duty required by the Constitution. Martinez v. Richardson, *supra*, 472 F.2d 1121. In addition, the court would presumably have jurisdiction under the Administrative Procedure Act since the matter would no longer be committed to agency discretion because of the constitutional mandate and, since although no statute requires an adversary hearing under 5 U.S.C. § 554, the Due Process Clause would so require. Sovereign immunity constitutes no bar to the action if the agency is acting in an unconstitutional manner. State of Washington v. Udall, *supra*, 417 F.2d 1310.

3. Defendants have also contended that the court should dismiss the action for failure to exhaust administrative remedies. The court finds this argument to be without merit for several reasons. First, the exhaustion requirement is not jurisdictional but rather is an area in which the court may exercise a certain degree of discretion. Kale v. United States, *supra*, 459 F.2d 449. Second, this is particularly true where a substantial federal question is raised as in the instant case. Martinez v. Richardson, *supra*, 472 F.2d 1121. Finally, exhaustion of administrative remedies exists for all practical purposes.

Royston C. Hughes, the Secretary's delegate, has taken the position that there is no right to a trial type evidentiary hearing at the B.L.M. level. His decision is binding on the B.L.M. Further, his determination makes it clear that no right to an adversary hearing is present at the I.B.L.A. level. Rather, the allowance of such is discretionary. Since the plaintiffs seek the *right* to such a hearing in all cases where a genuine factual dispute exists, it serves no purpose to proceed with the administrative process.

Nevertheless, it should be noted that some members of the class may receive adversary type hearings at the I.B.L.A. level. However, the fact that some members may receive such hearings does not deprive plaintiffs of standing nor make the case less ripe for decision since the action was brought seeking declaratory relief. An actual case or controversy exists since plaintiffs have taken the position that they are entitled to a full adversary hearing as a matter of right while defendants contend that the granting of such is discretionary.

4. Plaintiffs have also advanced an equal protection argument that the court finds to be without merit.

M. may not subsequently be cured. *See,* 1 Davis, Administrative Law Treatise § 7.10. However, before the adequacy of the factfinding procedure used by the B. L. M. may be examined on constitutional grounds, it must appear that the interest sought to be protected against arbitrary or capricious governmental action is of sufficient magnitude to be entitled to protection under the Due Process Clause.

The court finds that the interest advanced in the instant case is identical to the interest sought to be protected in United States v. Walker, *supra,* 409 F.2d 477.[5] In *Walker* the court held that such an interest was not protected under the Due Process Clause, and consequently that no constitutional right to a hearing existed. This court is required to follow Walker unless it has been overruled by later authoritative precedent.

The court has examined Goss v. Lopez, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed. 2d 725 (1975); Wolff v. McDonald, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), and Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). Although these cases cause havoc with the labels used in *Walker* none remotely resemble the facts of *Walker* or the interest there involved. Accordingly, the court finds *Walker* controlling,[6] and holds that plaintiffs' interests are not entitled to protection under the Due Process Clause,[7] that no hearing is constitutionally required, and that plaintiffs' action must be dismissed.

Accordingly, it is ordered

1. That plaintiffs' motion for a preliminary injunction is denied.

2. That defendants' motion for summary judgment is granted for the reasons set forth in this memorandum.

3. That plaintiffs' action is dismissed with prejudice.

4. That defendants' counsel forthwith may prepare an appropriate judgment form.

---

5. The interest is totally dissimilar to that found in Adams v. Witmer, *supra,* 271 F.2d 29. *See particularly,* n. 7 at 34.

6. The court has been unable to locate later Ninth Circuit precedent that diminishes the authoritative value of United States v. Walker, *supra,* 409 F.2d 477.

7. Assuming plaintiffs' interests are protected by the Due Process Clause, the factfinding procedure used by the B.L.M. may well meet the requirements of procedural due process. This particularly is true since the applicant for an allotment has ample opportunity to present evidence of his use and occupancy. Further, on-sight inspections are probably the best method for ferreting out the truth in use and occupancy claims. *See,* 43 C.F.R. § 2561.2; 5 U.S.C. § 554(a)(3); 1 Davis, Administrative Law Treatise § 7.09.