**Wilbur Ernest BONNER**

**v.**

**B–W UTILITIES, INC., et al.**

**Civ. A. No. 18641.**

United States District Court,
W. D. Louisiana,
Monroe Division.

Sept. 5, 1975.

Paul Henry Kidd, Stephen Katz, Kidd & Katz, Monroe, La., for plaintiff.

Robert C. Cudd III, Thompson, Sparks & Cudd, Monroe, La., Charles H. Ryan, in pro per, Monroe, La., Robert C. Downing, Asst. Atty. Gen. of La., Monroe, La., for defendants.

Robert G. Pugh, Pugh & Nelson, Shreveport, La., amicus curiae.

## RULING ON MOTION

DAWKINS, Senior District Judge.

By complaint filed January 19, 1973, William Ernest Bonner brought this action against defendants B–W Utilities, Inc., et al,[1] seeking declaratory, injunctive, and equitable relief, and praying that a three-judge Court be convened pursuant to 28 U.S.C. §§ 2281, 2284.

The salient facts are simple. On June 19, 1967, plaintiff purchased four lots from defendants Ryan and Beaver.[2] Unknown to plaintiff, Ryan and Beaver previously had executed four promissory notes to the order of B–W Utilities, each in the amount of $200, these being secured by a predial mortgage on the realty.

On November 8, 1971, B–W Utilities filed a petition for executory process in the Fourth Judicial District Court for Louisiana, Morehouse Parish, naming Ryan and Beaver as defendants. The State Court ordered that executory process issue on November 12, 1971. Pursuant to State law, the Sheriff seized the lots on November 18, 1971, after notifying Beaver and Ryan, the obligors on the promissory notes.[3] On December 29, 1971, the lots were sold at public auction to B–W Utilities for a total bid price of $132.64.

Plaintiff alleges that, notwithstanding that he was at that time record owner of the lots, he received no notice of the seizure and sale of his property because of the provisions of Louisiana Code of Civil Procedure, Article 2701:

"A mortgage or privilege evidenced by authentic act importing a confession of judgment, affecting property sold by the original debtor or his legal successor to a third person, may be enforced against the property without reference to any sale or alienation to the third person. The executory proceeding may be brought against the original debtor, his surviving spouse in community, heirs, legatees, or legal representative, as the case may be. The third person who then owns and is in possession of the property need not be made a party to the proceeding." [4]

Plaintiff alleges that (1) Louisiana Code of Civil Procedure Article 2701 is unconstitutional on its face as violative of procedural due process secured by Amendment XIV, United States Constitution, in that it authorizes seizure and sale of property without *any* notice to a third party owner who is in possession; (2) that Article is unconstitutional as applied to him here because he in fact

---

1. Other defendants are Percy Nichols, individually and in his capacity as President of B–W Utilities, Inc.; Charles H. Ryan; James W. Beaver; Hughie Perry, individually and in his capacity as Sheriff of Morehouse Parish, Louisiana; and William J. Guste, Jr., individually and in his capacity as Attorney General for the State of Louisiana.

2. These were Lots 4 and 5 of Unit No. 3 of Bartholomew Woods, Morehouse Parish, Louisiana, and Lots 25 and 26 of Unit No. 2 of Bartholomew Woods, Morehouse Parish, Louisiana.

3. Louisiana law provides that demand for payment of the amount due and all costs of court shall be served upon the obligor on the primary obligation which is secured by the mortgage. This demand also notifies the obligor that, in default of payment within three days of service, exclusive of holidays, a writ of seizure and sale will be issued and the property described in the petition will be seized and sold according to law. Louisiana Code of Civil Procedure, Article 2639.

4. This is the Louisiana statutory enactment of the so-called *pact de non alienando*.

received no notice of the seizure and sale; (3) Article 2701 is unconstitutional on its face and as applied to him in that it permits "unreasonable seizures" in violation of Amendments IV and XIV, United States Constitution.

Plaintiff seeks to have a three-judge Court convened to declare Article 2701 unconstitutional, to enjoin its further enforcement by the Sheriff of Morehouse Parish and Attorney General of Louisiana, and to rescind the Sheriff's Sale of December 29, 1971, as an exercise of its equity powers.

That the three-judge Court statutes place a heavy burden on the federal judiciary cannot be disputed.[5] The Supreme Court has stated clearly that the three-judge statutes "are not as a measure of broad social policy to be construed with great liberality, . . . but as an enactment technical in the strict sense of the term and to be applied as such." *Phillips v. The United States,* 312 U.S. 246, at 251, 61 S.Ct. 480, at 483, 85 L.Ed. 800 (1941).

Title 28 U.S.C. § 2281 provides:

"An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."

■ Thus, strict construction and interpretation require that applicability of § 2281 be premised upon findings that (1) a state statute or administrative order is challenged, (2) a state officer is a party defendant, (3) the statute is attacked as contrary to the United States Constitution, and (4) injunctive relief is sought.

While plaintiff's complaint contains a prayer for injunctive relief, review of the entire record compels us to conclude that his prayer for such a remedy is an empty one. He would have us enjoin *further* enforcement of Article 2701.

■ One of the prerequisites traditionally attendant to injunctive relief is a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted. *Morgan v. Fletcher,* 518 F.2d 236 (5th Cir., 1975).

The alleged injury of which plaintiff complains took place in 1971, and injunctive relief simply would not be curative;[6] and whether plaintiff is entitled to declaratory and equitable relief we need not decide today.

5. Direct appeal to the United States Supreme Court from three-judge court decisions is contrary to the general rule giving the Supreme Court substantial control over its own docket.

"The 1925 'reform' indeed helped the Court regulate its docket to a substantial degree, but meanwhile events and that aggressive probing spirit of the American advocate have found a way to neutralize the gains conferred by the certiorari bill. Twenty years ago and even ten years ago, the three-judge district court was a relatively uncommon experience. Indeed, when I first went on the Court of Appeals seventeen years ago, it was an infrequent event. Last year, three hundred eighteen three-judge district courts convened and conducted hearings with judg-

ments subject to direct appeal as of right to the Supreme Court. In 1947, only thirty-three three-judge courts went to judgment. In the current term, forty-six of the *argued* cases were from three-judge district courts. I need not labor the point that this makes our 'absolute control' of the docket something of a myth." Remarks of Mr. Chief Justice Warren E. Burger, Chief Justice of the United States, at the opening session of the American Law Institute, May 15, 1973, Washington, D. C.

6. Nowhere in his complaint does plaintiff assert that he is presently the owner/possessor of any immovable property encumbered by a prior owner and subject to future seizure and sale by executory process.

■ Where it is clear from the record that the issues are framed so as actually not to contemplate any injunctive relief, it is not necessary that the case be heard by a three-judge District Court. *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, at 152–155, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963); *Flemming v. Nestor*, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960).

■ Moreover, where the record indicates no present need for injunctive relief, a three-judge court should not be convened. *Esposito v. Shultz*, 366 F.Supp. 1059 (N.D.Cal., 1973); *Frankel v. Gardner*, 263 F.Supp. 218, at 220 (E.D.Pa., 1966).

■ Accordingly, plaintiff's motion for a three-judge court is denied.

Further proceedings herein shall be conducted before this Judge alone.