# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3080

_____

Janice Bowen; Mary Eastridge;      *
Sherri Link,                       *
                                   *
        Petitioners-Appellants,    *
                                   *
William Smith,                     *    Appeal from the United States
                                   *    District Court for the Eastern
        Petitioner,                *    District of Missouri.
                                   *
    v.                             *
                                   *         [UNPUBLISHED]
Robert G. O'Blennis,               *
                                   *
        Respondent-Appellee.       *

_____

Submitted: December 13, 2010
Filed: March 25, 2011

_____

Before RILEY, Chief Judge, BEAM and BENTON, Circuit Judges.

_____

PER CURIAM.

    Janice Bowen, Mary Eastridge, and Sherri Link appeal the district court's[1] dismissal of their petition for a writ of mandamus. We affirm.

_____

    [1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

Appellants are three disability-benefit claimants with proceedings before the Social Security Administration. Appellee Robert O'Blennis is the administrative law judge (ALJ) assigned to each appellant's case. Each appellant filed a motion requesting that O'Blennis recuse himself from her respective case, alleging that O'Blennis is biased against certain classes of social-security claimants and that appellants are members of those classes. Included with each appellant's motion to recuse were the names and partial social security numbers of 54 individuals who appellants' attorney had previously represented in proceedings before O'Blennis. Appellants argued that this information supported their claim that O'Blennis is biased against certain claimant classes and requested that this information be included in their respective electronic records. O'Blennis declined to include the non-party information in appellants' electronic records, citing Administration policy against releasing identifying information about non-parties without their consent. O'Blennis indicated he would include the information in the electronic records only if appellants produced valid waivers from the non-parties. Appellants' counsel proffered an unsigned copy of a waiver, which appellants' counsel alleged he required the non-parties to sign while he represented them. However, O'Blennis concluded this waiver was insufficient. While reviewing appellants' recusal motions, O'Blennis did consider the proffered information and he notified appellants in writing that he "kept a copy in camera should a copy be needed by others with a need to know." O'Blennis also said he would reconsider his decision not to include the non-party information in the electronic record if appellants produced adequate waivers from the non-parties.

Appellants filed a petition for a writ of mandamus in district court, seeking an order requiring O'Blennis to include the proffered information in their respective electronic records. On August 25, 2009, the district court dismissed their petition, holding that O'Blennis had no ministerial duty to include that information in the electronic records.

We review the district court's dismissal of a petition for a writ of mandamus de novo. Grisso v. Apfel, 219 F.3d 791, 793 (8th Cir. 2000). Pursuant to 28 U. S. C.

-2-

§1361, a district court has the authority to issue a writ of mandamus to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, the writ is a "drastic" remedy to be used only in "extraordinary" cases. Kerr v. United States District Court, 426 U.S. 394, 402 (1976). "In order for mandamus to lie[,] the duty owed to the plaintiff must be ministerial and a positive command so plainly prescribed as to be free from doubt." Keeny v. Sec'y of the Army, 437 F.2d 1151, 1152 (8th Cir. 1971) (internal quotation omitted).

This case does not present the kind of "extraordinary" situation that warrants mandamus relief. The district court correctly found that O'Blennis had no clearly established ministerial duty to place the proffered information in the electronic record. O'Blennis did not ignore any clear mandate, but rather made a legal judgment that his duty to protect the privacy of the non-parties prevented him from placing the proffered information in the record. Appellants point to no authority that forbids an ALJ from making an independent assessment of whether the inclusion of evidence proffered in connection with a recusal motion would violate regulations regarding third-party privacy rights. O'Blennis attempted to balance the rights of appellants with the rights of the non-parties, by reviewing the information himself and retaining it *in camera*. Regardless of whether he struck precisely the right balance, he did not violate a clear ministerial duty. Any error in O'Blennis's judgment about the admissibility of the information is more properly reviewed through the normal channel of appealing to the Social Security Appeals Council and, if necessary, to the federal courts. See Taylor v. Barnhart, 399 F.3d 891, 894 (8th Cir. 2005) (mandamus relief only appropriate if petitioner has no adequate remedy); Diabo v. Sec'y of Health, Educ. & Welfare, 627 F.2d 278, 282 (D.C. Cir. 1980) (reviewing on appeal an ALJ's decision not to include evidence in the record).

We affirm.

_____